## Dugan *v.* Arthurs, Appellant.

*Negligence — Automobiles — Pedestrians — Collisions — Witnesses — Competency—Opinion as to speed—Necessity.*

1. In an action for damages for personal injuries sustained by a pedestrian in a collision with an automobile, nonexpert witnesses are competent to express an opinion as to the rate of speed of the automobile, their everyday experience giving them sufficient knowledge to form an intelligent judgment on the subject.

*Evidence—Withdrawal of evidence—Trial—Practice, C. P.*

2. Where evidence is properly admitted, and subsequently on motion of the party who offered it, the evidence is stricken out, such action of the court cannot be alleged as error by the opposite party on appeal.

Argued Oct. 31, 1910. Appeal, No. 97, Oct. T., 1910, by defendant, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1906, No. 371, on verdict for plaintiff in case of Elizabeth Dugan v. Addison E. Arthurs. Before BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Action to recover damages for personal injuries. Before DAVIS, J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

At the trial Joseph Lauer, a witness for plaintiff, was asked this question: "Q. How fast was that automobile traveling, in your judgment, when it passed you going up Highland avenue immediately before this accident happened?"

Mr. Dalzell: Objected to as incompetent. Objection overruled. To which ruling counsel for defendant requests an exception. Exception allowed and bill sealed. [1]

"A. I would judge that it was running forty or fifty miles when it passed me."

Geo. W. McCausland, a witness for plaintiff was asked this question: "Q. Could you say, or do you know, how fast that automobile was traveling at the time your attention was attracted to it?"

Counsel for defendant objects on the ground of the incompetency of the witness at the present state of the proof to answer this question. Objection overruled. To which ruling counsel for defendant requests an exception. Exception allowed and bill sealed. [2]

"A. I would say it was traveling about fifty miles an hour, from what I have seen."

Mr. Drew: If the court please, I want to make a motion to strike out a question and answer of two of my witnesses as to the rate of miles per hour this machine was going at the time it went up Highland avenue. I have looked that question up over night, and while I have not been able to find the case that Mr. Dalzell spoke of, and do not think the case exists, nevertheless there is some doubt, and the point has not been decided as to whether an ordinary witness can testify in that way; and, rather than have any doubt in the record, I would rather have it struck out, and the jury instructed to disregard that testimony.

Mr. Dalzell: This motion is objected to. You cannot have testimony go to the jury and then afterwards attempt to withdraw it. I objected to it, and both the

court and you were very doubtful about the existence of such a case. The nearest case that I could find to it last night is in volume 222.

The Court: We will allow this motion.

Mr. Dalzell: Will your honor grant me an exception?

The Court: We will give you an exception.

Bill of exceptions sealed for the defendant. [3]

Mr. Drew: That is just as to the answers of the witnesses McCausland and Joseph Lauer, as to the number of miles per hour that this automobile was traveling when their attention was attracted to it; their testimony in every other respect to stand as unaffected by this motion.

Verdict and judgment for plaintiff for $5,300. Defendant appealed.

*Errors assigned* were (1–3) rulings on evidence, quoting the bill of exceptions.

*R. H. Hawkins,* of *Dalzell, Fisher & Hawkins,* for appellant, cited: Smith v. Electric Ry. Co., 187 Pa. 451; Knox v. Phila. & R. Ry. Co., 202 Pa. 504; Bracken v. Penna. R. R. Co., 222 Pa. 410.

*James B. Drew,* with him *John F. Gloeckner,* for appellee.—The opinions of ordinary witnesses derived from observation are admissible in evidence when from the nature of the subject under investigation no better evidence can be obtained, for the facts cannot otherwise be presented to the tribunal, e. g., questions relating to time, quantity, number, dimensions, height, speed, distance or the like: Shaffer v. Coleman, 35 Pa. Superior Ct. 386; Porter v. Buckley, 147 Fed. Repr. 140; Detroit & Milwaukee R. R. Co. v. Van Steinburg, 17 Mich. 99; Alabama, etc., R. R. Co. v. Hall, 105 Ala. 599 (17 So. Repr. 176); Salter v. Utica R. R. Co., 59 N. Y. 631; Chicago, Burlington & Quincy R. R. Co. v. Johnson, 103 Ill. 512; Walsh v. Mo. Pac. Ry. Co., 102 Mo. 582 (15 S. W. Repr. 757); Hoppe v. Chicago Ry. Co., 61 Wis. 357 (21 N. W. Repr. 227).

OPINION BY MR. JUSTICE MESTREZAT, January 3, 1911:

This is an action of trespass brought by the plaintiff to recover damages for personal injuries which she sustained by a collision with the defendant's automobile. The defendant was the owner of the machine and, it is alleged, was operating it himself at a dangerous and reckless rate of speed at the time of the accident. He was driving on North Highland avenue in the city of Pittsburg, and in passing a street car standing at the intersection of the avenue with Hoevler street, the machine struck and severely injured the plaintiff while she was attempting to cross the avenue.

On the trial of the cause two witnesses were called by the plaintiff and, after testifying that the automobile was running at a high rate of speed at the time of the accident, were asked to give the rate of speed at which the machine was traveling. The question was objected to by the defendant, the objection was overruled and the witnesses were permitted to answer. This ruling of the court is the subject of the first and second assignments of error. Subsequently, and before the plaintiff closed, she moved to strike out the testimony of the two witnesses and the motion was allowed. The defendant excepted, and this ruling is the subject of the other and third assignment of error.

We think both witnesses were competent, and that their testimony was properly admitted by the court. They were not offered as experts but as ordinary witnesses without having any special or peculiar knowledge which would especially fit them to testify to the speed of the machine. Their competency to express an opinion did not require them to possess technical or scientific knowledge. An intelligent person having a knowledge of time and distance is capable of forming an opinion as to the speed of a passing railroad train, a street car or an automobile. His conclusion is the result of a comparison with the speed of other moving objects of which he has knowledge by constant experience. There is no more reason why such

a witness should not be permitted to testify to the speed of an automobile than to the speed of a carriage or other vehicle which travels the public highways. His everyday experience gives him sufficient knowledge to form an intelligent judgment upon the subject. He simply compares the speed of one moving object with that of another with which he is made familiar by the daily affairs of life.

Aside from any other sufficient reason, the necessity of the case requires that such testimony be admitted in trials involving the wanton and dangerous speeding of automobiles. To hold otherwise and to compel the production of expert testimony in such cases would in almost every instance defeat the ends of justice. An expert witness or exact measurement by a speedometer is seldom available to a party who has been injured by the reckless conduct of a person operating such a machine, and to require such evidence in order to sustain an action would be unreasonable and work palpable injustice. Absolute accuracy is not required in such cases to make a witness competent to testify to the speed of the machine. As said by Porter, J., in People v. Gonzalez, 35 N. Y. 49, 62: "The affairs of life are too pressing and manifold to have everything reduced to absolute certainty, even in the administration of justice. Microscopes, chemists and men of science are not always at hand." The experience of nonexpert witnesses will enable them to form a reasonably accurate judgment as to the speed of a passing machine, and nothing beyond that is expected or should be required. Of course, the value and the weight to be given such testimony by the jury will, as in similar cases, depend upon the attention the witness has given the subject and the opportunities for observation which he may have had. His inexperience in such matters, however, goes to the weight and not to the admissibility of his testimony. The witness is competent to express an opinion as to the speed of the machine; it is for the jury to determine what weight they will give his testimony.

The authorities on the subject seem to be in accord

with the views expressed above. We have been referred to no case, and after diligent search we have not been able to find one which holds such testimony to be incompetent. Our own cases, cited by the appellant, do not sustain the position. Those cases turned upon the effect of the testimony and not upon its admissibility. In other jurisdictions, the ruling has been in harmony with our conclusion. Judge THOMPSON in his work on Negligence (vol. 6, sec. 7754) says: "The speed of trains is not ordinarily regarded by courts as a matter for scientific testimony, and any intelligent person, accustomed to observing moving objects, is competent to testify as to this matter, although the weight to be given to such an opinion will depend upon the opportunity the witness may have had to form a correct estimate."

In Detroit & Milwaukee R. R. Co. v. Van Steinburg, 17 Mich. 99, four witnesses were permitted to testify to the rate of speed the engine was running at the time the accident occurred. The witnesses were on the ground near the place of the accident and saw the train passing. While two of them had been accustomed to railroad traveling, the other two were not shown to have had any special opportunity to judge the speed of trains beyond that possessed by people generally. In holding the witnesses competent Chief Justice COOLEY said: "The motion of the train was to be compared to the motion of any other thing, with a view to obtaining the judgment of the witness as to its velocity. No question of science was involved, beyond what would have been had the passing object been a man or a horse. It was not, therefore, a question for experts. Any intelligent man who has been accustomed to observe moving objects, would be able to express an opinion of some value upon it, the first time he ever saw a train in motion. The opinion might not be so accurate and reliable as that of one who had been accustomed to observe, with timepiece in hand, the motion of an object of such size and momentum; but this would only go to the weight of the testimony,

and not to its admissibility. Any man possessing a knowledge of time and of distances would be competent to express an opinion upon the subject." This case is followed and the doctrine is announced in numerous cases among which are Alabama R. R. Co. v. Hall, 105 Ala. 599; Salter v. Utica R. R. Co., 59 N. Y. 631; Chicago, Burlington & Quincy R. R. Co. v. Johnson, 103 Ill. 512; Walsh v. Missouri Pacific Ry. Co., 102 Mo. 582; McVey v. Chesapeake & Ohio Ry. Co., 46 W. Va. 111; Robinson v. Louisville Ry. Co., 112 Fed. Repr. 484; Porter v. Buckley, 147 Fed. Repr. 140; and the very recent case of Atchison, Topeka & Santa Fe Ry. Co. v. Holloway, 71 Kan. 1 (114 Am. St. Rep. 462). Porter v. Buckley, involved the speed of an automobile and Robinson v. Railway Co., was a street car case, both decided by the United States circuit court of appeals.

Being of opinion that the testimony, the admission of which is alleged to be erroneous, was properly admitted, the subsequent action of the court in striking it out on motion of plaintiff's counsel becomes immaterial. The plaintiff, not the defendant, was injured by the ruling and, hence, the latter has no cause to complain. The third assignment, therefore, need not be considered.

The judgment is affirmed.