JOHN C. HAYDEN, *Appellee*, v. THE ATCHISON, TOPEKA
& SANTA FE RAILWAY COMPANY, *Appellant*.

No. 17,716.

SYLLABUS BY THE COURT.

PERSONAL INJURIES—*Trespasser*—*Duty of Railway Company*.
A railway company owes no duty to a trespasser, who sits
down on one of its tracks, until its employees learn of his
presence there, nor is it required to provide appliances and
men for the benefit of trespassers or to take precautions in
advance for the care and protection of those who may there-
after be innocently injured while trespassing on its tracks.

Appeal from Wyandotte district court. Opinion filed
June 8, 1912. Reversed.

*William R. Smith, Owen J. Wood,* and *Alfred A.
Scott,* for the appellant.

*L. Newton Wylder,* and *A. L. Clotfelter,* for the ap-
pellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: John C. Hayden seeks to recover
damages from the Atchison, Topeka & Santa Fe Rail-
way Company for pain and suffering resulting from
an injury to his arm alleged to have been caused by
the negligence of the company. He was an employee
of contractors who were constructing a dyke near the
track of the railway company at Argentine. When the
lunch hour arrived it was raining and Hayden sought
the shelter of a car, and seating himself under it pro-
ceeded to eat his lunch. The track was one on which
were placed cars that were to be cleaned, and quite a
number of cars were already on the track. While he
was in the position mentioned the switch crew, with-
out any knowledge that he was in a place of danger,
set in another car on that track, and the impact of the
switched car against the others pushed the wheel of
the car under which he was sitting upon his arm and

he was pinned to the track for more than thirty minutes before he was released. It is conceded that he was a trespasser and that the switching crew did not know that he was under the car. After kicking in the car mentioned the switch engine went to a distant part of the yard to do other switching. When Hayden's plight was discovered his fellow workmen tried to pry and pull the wheel from his arm, and also to jack the car up, but all of these efforts were futile. One of the switching crew, learning of his condition, ran down the yard and, after some signaling, procured the crew to return with the switch engine. They decided that they dare not couple the engine with the string of cars on that track in the usual way as the impact of the cars would be likely to move the car under which Hayden laid and cut off his arm. Some of the railway employees went in search of a chain, and having procured it, they coupled the engine to the cars with it and then pulled the cars forward and in that way Hayden was released.

There was no claim that the railway company was negligent in pushing the car upon him, but he sought a recovery on the ground that the switching crew were negligent in failing to take prompt and efficient action in removing the car off his arm after being notified of his position. The case was submitted to a jury on the theory that the company was liable for the additional pain and suffering sustained by reason of the delay. The jury returned a verdict in favor of Hayden, and with it a number of special findings. The railway company appeals and contends that it was entitled to judgment on these findings. An effort was made to show that the switching crew did not proceed as rapidly as they should have done in removing the car from appellee's arm after being informed of his plight. However, this was not the ground on which the verdict was based. In answer to the question "If you find that the defendant was negligent, then state fully

in what such negligence consisted?" they stated, "We find that the defendant was at fault in not having a chain on engine, and also at fault in not having the man following the engine in sight where signals could be given engineer."

Assuming that the humane doctrine applies and that it was the duty of the company's employees to promptly aid one whom they had innocently injured, still under the findings they were not culpably negligent towards appellant. Being a trespasser and grossly negligent in sitting down on the railway track under a car, they certainly owed him no duty until they learned of his situation. (*Carey v. Railway Co.*, 84 Kan. 274, 114 Pac. 197.) Until that time they were not bound to take any precautions to avoid injuring him nor to make any provisions for caring for possible trespassers should they happen to be injured. The jury, as we have seen, find the appellant to be responsible because of negligence in two respects, one in failing to have a chain on the engine, and the other in failing to have a man who was always in sight of the engine to give signals. In both the jury require precautions which must have been taken before the injury occurred—an injury which the appellant had no occasion to anticipate. It may be that chains are sometimes necessary in switching and that they are sometimes carried on switch engines, but the company was not required to foresee the negligence of appellee and to carry a chain or other appliance for his protection after injury. No more was it a duty to him to provide a man to follow the engine who would always be in view of the engine so as to give signals. It was unfortunate that the engine had passed around the curve and out of sight of the footman and that it became necessary for him to run down the track in order to procure the crew to return and assist in releasing appellee, but appellant was not bound to employ extra men nor to take precautions to meet the contingency that he might be

hurt while sitting on one of its tracks. A trespasser can not claim that a railway company is bound to furnish either appliances or extra men for his benefit.

There is testimony, as stated, that the crew did not move with the celerity that they might have done in bringing the engine back to his relief after notice of his condition was given, but that was not the ground on which the damages were awarded. The verdict is not based on omissions of duty after learning of the injury and the dangerous position of appellee, but it rests on supposed negligence in not making provisions for his benefit and which must have been made before the injury was sustained or the employees of the company became aware of his presence and plight on the track. The appellant did not owe any duty to appellee to make the provisions and to take the precautions which the jury found should have been made and taken, and as it has been found that the negligence of appellant towards him consisted in these alone it follows that there can be no recovery by appellee.

The judgment rendered is reversed and the cause remanded with directions to enter judgment in favor of appellant.