Argued June 8, affirmed July 6, on rehearing former opinion adhered to September 7, 1915.

## KELLY v. WEAVER.*

(150 Pac. 166; 151 Pac. 463.)

**Evidence—Opinion Evidence—Speed of Automobile.**

1.  Witnesses who have operated or had occasion to observe the velocity of automobiles may be permitted to give their opinion as to speed of an automobile which ran down and injured a person in a highway.

[As to when opinions of nonexperts are admissible, see note in 30 Am. St. Rep. 38.]

ON REHEARING.

**Evidence—Judicial Notice—Laws of Nature.**

2.  While, under Section 729, subd. 8, L. O. L., declaring that judicial notice is taken of the laws of nature, the court may reject testimony irreconcilable with physical facts, conclusively established, or instruct that it be disregarded, it cannot do so as to reasonable testimony, where there is a question for the jury whether or not witness' means of observation were such as to entitle his testimony, as to what was the speed of an automobile, seen at some distance and for a comparatively short space, to be worthy of belief.

From Lane: LAWRENCE T. HARRIS, Judge.

Department 2. Statement by MR. CHIEF JUSTICE MOORE.

This action was instituted by William R. Kelly against A. W. Weaver and Albert Weaver to recover damages for a personal injury. The facts are that on January 7, 1914, about 6:30 in the evening, as the defendants were riding east in an automobile on the south side of Main street in Springfield, Oregon, they overtook and knocked down a horse on which the plaintiff was riding, breaking the latter's right leg and otherwise hurting him. The negligence alleged is:

"That at the time the automobile struck the plaintiff's horse, and immediately prior thereto, the defend-

*The admissibility of opinions as evidence of the speed of automobiles is discussed in note in 34 L. R. A. (N. S.) 778.          REPORTER.

ants were driving the aforesaid automobile without giving warning, and in excess of 15 miles per hour, which was in violation of ordinance numbered 332 of the town of Springfield, Oregon''

—giving the title of the enactment and the dates of its passage and approval. The primary pleading further states:

"That the defendants did not signal to the plaintiff or warn the plaintiff that they were approaching him from the rear, as provided by said Ordinance 332 of the town of Springfield.''

The answer denied the material averments of the complaint, and alleged in effect that at the time the plaintiff was hurt, the horse which he was riding, becoming frightened at the headlight of an approaching trolley car, pranced, bringing his hind legs toward the middle of the street, thereby coming in contact with the defendants' automobile, and the injury complained of resulted from the plaintiff's contributory negligence. The reply put in issue the allegations of new matter in the answer, and, the cause being tried, resulted in a judgment against the defendants for the sum of $3,000, and they appeal. After the appeal was perfected Wiliam R. Kelly died intestate, whereupon Arthur A. Kelly was duly appointed administrator of the decedent's estate, and, having qualified, he was substituted as plaintiff.

AFFIRMED. SUSTAINED ON REHEARING.

For appellants there was a brief over the names of *Messrs. Woodcock, Smith & Bryson* and *Mr. Lark Bilyeu,* with oral arguments by *Mr. A. C. Woodcock* and *Mr. Bilyeu.*

For respondent there was a brief over the names of *Mr. L. M. Travis, Mr. A. K. Meck* and *Messrs. Foster & Hamilton,* with an oral argument by *Mr. Travis.*

Opinion by MR. CHIEF JUSTICE MOORE.

1. It is maintained that an error was committed in permitting George Catching, over objection and exception, to testify as to the rate of speed at which the automobile was going immediately prior to the accident. It is argued that the testimony fails to show the witness was qualified to express the opinion which he declared. Mr. Catching testified:

That just before the accident occurred he was in Springfield, going south on Seventh Street toward and about 300 feet from Main Street, when he saw an automobile driven east on the latter street. Alluding to that machine, plaintiff's counsel asked: "How far did you see it on Main Street?" This witness replied: "Well, I didn't see it after it got past Seventh Street more than about 100 feet. Not more than 100 feet, because it was practically, well, it was dark out there. It was running in a dark, black place. You see it had left the arc-light. It passed by there."

Having stated that very soon thereafter he again saw the automobile on Main Street, between Eighth and Ninth, where the accident occurred, he was asked in reference to its passing Seventh Street:

"What speed was the automobile going when you saw it?

"A. I don't know how fast. * *

"Q. Do you know how fast the machine was going?

"A. Really, I don't know how fast the machine was going. * *

"Q. Do you know approximately how fast that automobile was going

"A. Well, I will tell you."

An objection was here interposed, on the ground, *inter alia,* that the witness was not qualified to answer the question, but, this having been overruled, he continued:

"Well, I would judge at the time it was running, well, it was going about between 20 and 25 miles an hour.

"Q. Did it continue at that speed as long as you saw it?

"A. I could not say as to that, because I turned my attention away as soon as he had went into the dark, and I couldn't tell whether he slacked up or not.

"Q. Did anything especially call your attention to that automobile at the time?

"A. Well, it was going along at a pretty lively gait was all.

"Q. Did that call your attention especially to the automobile at that time?

"A. Yes; that was the only thing."

On cross-examination the witness was asked, regarding the automobile, "You could not state as a matter of fact and you do not know how fast it was going?" He answered, "I am just guessing at it now.

"Q. It is all mere guesswork with you?

"A. Yes."

On redirect examination he was asked: "Have you ever ridden in a car where they had a gauge to tell how fast they were going?

"A. Yes.

"Q. So that you are able to judge something about the speed that the car was going? You would know what speed a car was going at?

"A. Well, I don't know under them conditions whether I would be or not.

"Q. What is your judgment, your best judgment, as you stood there and looked at the car; is it your best judgment that it was going at 20 to 25 miles an hour?"

An objection to the question, on the ground that it was leading, having been overruled, the witness replied: "I would judge it was going 20 to 25 miles an hour.

"Q. That is your best judgment?

"A. That is my best judgment of it at the time I saw it. I didn't know what it did do after that."

An exception to the general rule of expert evidence is the admissibility of testimony respecting the identity and appearance of persons and things, as to which facts, when personally observed by anyone of maturity and ordinary intelligence, he may express an opinion: *State* v. *Brown,* 28 Or. 147 (41 Pac. 1042); *First Nat. Bank* v. *Fire Assn.,* 33 Or. 172 (50 Pac. 568, 53 Pac. 8); *State* v. *Barrett,* 33 Or. 194 (54 Pac. 807); *Weiss* v. *Kohlhagen,* 58 Or. 144 (113 Pac. 46); *Kitchin* v. *Oregon Nursery Co.,* 65 Or. 20 (130 Pac. 408, 1133, 132 Pac. 956). Consonant with this recognized departure from the general rule, it was held in *Dugan* v. *Arthurs,* 230 Pa. 299 (79 Atl. 626, 34 L. R. A. (N. S.) 778), that a bystander, not possessed of technical or scientific knowledge, may give his opinion as to the speed of an automobile which runs down and injures a person in the highway. In deciding that case, the court says:

"The experience of nonexpert witnesses will enable them to form a reasonably accurate judgment as to the speed of a passing machine, and nothing beyond that is expected or should be required. Of course, the value and the weight to be given such testimony by the jury will, as in similar cases, depend upon the attention the witness has given the subject and the opportunities for observation which he may have had. His experience in such matters, however, goes to the weight, and not to the admissibility of his testimony. The witness is competent to express an opinion as to

the speed of the machine; it is for the jury to determine what weight they will give his testimony.''

In *Wolfe* v. *Ives,* 83 Conn. 174 (76 Atl. 526, 19 Ann. Cas. 752), it was ruled that:

''An adult person of reasonable intelligence and ordinary experience in life, who just before an accident observed the passing automobile, the rapid speed of which is claimed to have caused the accident, is presumably capable, without proof of further qualification, to express an opinion as to how fast such automobile was going.''

Persons who are accustomed to operate automobiles and have observed their velocity as indicated by speedometers can generally, without looking at such registering instrument, very accurately determine the rate of movement. So, too, police officers, a part of whose business is to apprehend violators of speed ordinances, from observing the movement of vehicles within a given distance when compared with the time required in passing over the intervening space, can very closely estimate the speed of an automobile by seeing it pass. Persons of the classes indicated are not always present at or immediately prior to a collision whereby an injury is inflicted that results in an action to recover damages for alleged negligence in operating an automobile and while other adults may not have enjoyed such opportunities for observing the rate of speed of such machines, they are nevertheless competent to express opinions on that subject, and though their estimates may be conjectural, they are admissible, the weight and value of their testimony being for the jury to determine.

The testimony of Mr. Catching was competent, and no error was committed in receiving it.

Other errors are assigned. They, however, are deemed immaterial.

It follows that the judgment should be affirmed, and it is so ordered. AFFIRMED. REHEARING ALLOWED.

MR. JUSTICE BEAN, MR. JUSTICE BENSON and MR. JUSTICE EAKIN concur.

---

Former opinion adhered to September 7, 1915.

ON PETITION FOR REHEARING.

(151 Pac. 463.)

*Messrs. Woodcock, Smith & Bryson,* for the petition.

*Mr. L. M. Travis, Mr. A. K. Meck* and *Messrs. Foster & Hamilton, contra.*

Department 2. Opinion by MR. CHIEF JUSTICE MOORE.

2. In a petition for a rehearing it is insisted that, the witness George Catching having testified in effect that immediately prior to the accident he was in Springfield, Oregon, walking south on Seventh Street toward and about 300 feet from Main Street, when he saw an automobile driven east on the latter street, his sworn declaration shows he was too far from the passing car to enable him, in the space of 100 feet, in addition to the width of Seventh Street, to determine the speed of the vehicle, and, such being the case, an error was committed in permitting him, over objection and exception, to express an opinion on the subject.

A court will take judicial notice of the laws of nature: Section 729, subd. 8, L. O. L. Based on this

77 Or.—18

rule, it has been held that in an action to recover damages alleged to have been caused by the defendant's negligence, if the plaintiff's testimony is irreconcilable with physical facts, the existence of which are conclusively established, the court should instruct the jury not to consider such testimony: Thompson, Trials (2 ed.), § 2264; *Smitson* v. *Southern Pacific Co.*, 37 Or. 74 (60 Pac. 907); *Wolf* v. *City Ry. Co.*, 50 Or. 64 (85 Pac. 620, 91 Pac. 460, 15 Ann. Cas. 1181); *Payne* v. *Chicago etc. Ry. Co.*, 136 Mo. 562 (38 S. W. 308). The distance of the witness from the car when he saw it pass the space of his vision, the time the vehicle could possibly have been seen by him, and the amount of light then existing at that place, were factors from which to determine whether or not he could have so carefully observed the automobile as to enable him to state, in his opinion, how fast it was moving. If the evidence had disclosed that the witness was blind, or his sight impaired, or that at the time there was no light at the crossing, or that he was at such a distance from the car as to preclude the possibility of seeing it, the court might legally have excluded his testimony or directed the jury not to consider it. Catching's sworn statements, however, are reasonable, and it was the exclusive province of the jury to determine whether or not his means of observation were such as to entitle his testimony to be worthy of belief. Under the circumstances detailed, the court could not, as a matter of law, have excluded his testimony or instructed the jury not to consider it.

The former opinion is therefore adhered to.

AFFIRMED. APPROVED ON REHEARING.

MR. JUSTICE BEAN, MR. JUSTICE BENSON and MR. JUSTICE EAKIN concur.