## MISSOURI, K. & T. RY. CO. v. ROBNETT *et al.*

No. 5269.    Opinion Filed March 7, 1916.

Rehearing Denied May 2, 1916.

(157 Pac. 72.)

1. **FORMER DECISION FOLLOWED**. (Syllabus same as paragraphs 1, 2, and 3 in **St. Louis & S. F. R. Co. v. Hodge**, 53 Okla. 427, 157 Pac. 60.)

2. **RAILROADS—Injuries on Track—Contributory Negligence—Last Clear Chance.** In an action for damages predicated upon the doctrine of last clear chance, the defendant owed to deceased, who was a trespasser, the duty to use ordinary care to avoid injury to him after becoming aware of his perilous position; and it was error to instruct the jury that the defendant owed to deceased the duty to "use ordinary care in observing the deceased upon the tracks of the defendant company."

(Syllabus by Rittenhouse, C.)

*Error from District Court, Pontotoc County;*
*Tom D. McKeown, Judge.*

Action by John Thomas Robnett and another against the Missouri, Kansas & Texas Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded for new trial.

*Clifford L. Jackson, W. R. Allen,* and *M. D. Green,* for plaintiff in error.

*J. F. McKeel, I. M. King,* ánd *Leslie Maxey,* for defendants in error.

Opinion by RITTENHOUSE, C. On July 10, 1911, at about the hour of 11 o'clock p. m., Robert Russell Robnett, while upon a trestle or bridge which formed a part of defendant's track, was struck by one of defendant's passenger trains, receiving injuries from which he died. It is alleged that such injuries were caused by the gross, willful, and wanton negligence, carelessness, and recklessness of the employees of defendant in operating said train; that such employees discovered, or should, in the exercise of ordinary care and prudence, have discovered, deceased on the bridge and in a position of peril in time to have warned him or to have stopped the train; and that they wholly failed to use ordinary care to avoid striking the deceased.

The first assignment of error presents the question of the removal of the cause to the federal court. This was decided adversely to the plaintiff in error's contention in the case of *St. Louis & S. F. R. Co. v. Hodge,* 53 Okla. 427, 157 Pac. 60.

There are numerous other assignments of error, but in the view we take of this case it is only necessary to determine the sufficiency of certain instructions. The court instructed the jury:

"The court instructs the jury that if you believe from the evidence in this case that the deceased, Robert Russell Robnett, was upon a trestle or bridge of the defendant company located about a half mile or more north of Konawa, Okla., at the time he was killed, then the said Robert Russell Robnett would be a trespasser upon the tracks and right of way of the said defendant company, and the engineer of the defendant company was not bound

to keep a special lookout to see the said deceased, but was only required to use ordinary care in observing the tracks of the defendant company, but whenever the engineer discovered the deceased upon the track of the defendant company and in a perilous condition, then it would be his duty to use all means and appliances at hand to stop his train or slacken its speed, with due regard to the safety of the passengers on the train, in order to prevent injuring or killing the deceased."

"The court instructs the jury that if you believe from the evidence that Robert Russell Robnett was lying upon a trestle or bridge of the defendant's road some distance north of its station at Konawa, Okla., and that the engineer operating a passenger train of the defendant company was exercising ordinary care in observing the tracks upon which he was operating his engine, and that upon the discovery of the said Robert Russell Robnett, the engineer saw that he was in a perilous condition, and that the engineer used all the means at hand in his power to stop or slacken the speed of his train to prevent injuring or killing the said Robert Russell Robnett with due safety to the passengers on the said train, then the said defendant company would not be liable, to the plaintiffs herein, for any injuries or for the death of the deceased, and you should find for the defendant."

The fact that the deceased was a trespasser is undisputed. The contention is made that the facts bring the case within the doctrine of last clear chance, and recovery is asked upon the ground that the engineer discovered deceased upon the track in a position of peril, and failed to use ordinary care to protect him after discovery. If the instructions had been confined to this contention, there would be no error in this respect. The first instruction is erroneous, however, in that the court instructed the jury that, while the engineer was not bound to keep a

special lookout to see the deceased, he was required to use ordinary care in observing the deceased upon the tracks of the defendant company. The same expression is found in the second quoted instruction, wherein it placed the burden upon the engineer to exercise ordinary care in observing the tracks upon which the engine was operated. If the company owed to deceased, who was without doubt a trespasser, the duty to use ordinary care in observing the deceased upon the tracks, then it owed to the deceased the duty to furnish a lookout. The doctrine of the last clear chance is thoroughly discussed in *A., T. & S. F. Ry. Co. v. Baker,* 21 Okla. 51, 95 Pac. 433, 16 L. R. A. (N. S.) 825; *Oklahoma City Ry. Co. v. Barkett,* 30 Okla. 28, 118 Pac. 350; *Clark v. St. L. & S. F. R. Co.,* 24 Okla. 764, 108 Pac. 361, and *St. L. & S. F. R. Co. v. Clark,* 42 Okla. 638, 142 Pac. 396. In the last case, this court said:

"It is not seriously contended that this evidence shows, from the language used, that the engineer in fact discovered plaintiff in a position of peril in time to have avoided the collision; but it is argued, quite ingeniously, that this evidence, showing that his engine was within 60 feet of plaintiff when he first saw him, is not true. This is predicated on the other statement that the engineer was, for a long distance back, looking ahead on the track. Therefore it is argued that the physical facts and the evidence, harmonized in the light of these facts, show that plaintiff must have been seen at such time that the use of ordinary care would have averted the injury. We cannot believe the contention sound. If the law were such that, notwithstanding plaintiff's negligence, defendant would be under the duty toward him of reasonable care, when his peril was discovered, or when it might have been discovered, the position would be tenable. But this is not the law. When the plaintiff negligently puts himself in a place of danger, the duty of defendant to use ordinary

care to protect him in the dangerous place he has assumed begins when his position and consequent peril are discovered, not when the position and peril might have been discovered."

The case of *Southern Ry. Co. v. Chatman,* 124 Ga. 1026, 53 S. E. 692, 6 L. R. A. (N. S.) 283, 4 Ann. Cas. 675, was a suit for damages for personal injuries to plaintiff, who, as appears from the opinion, was a trespasser upon the tracks of the company. The trial court charged the jury that it was the duty of the railway company to exercise ordinary care to discover him. This was held to be error. The court says:

"An owner of property is not ordinarily required to anticipate that trespassers will come upon it, and to prepare its property for them, or guard against possible injury to them. Hence arises the general statement of the rule as to liability only for wanton, willful, or reckless injury, looking at the trespasser as such solely, and without reference to the existence of any relation creating a duty. The duty not to willfully or recklessly injure another may be said to be due from all men to all men. So, with reference to a railroad, not at public crossings, stations, or other places where people have a right to go, and in the absence of invitation or license, express or implied. But, when a trespasser on a railroad track is seen by the agents running the train to be in a position of peril, the duty of exercising ordinary care exists."

In the case of *Erie R. Co. et al. v. McCormick,* 69 Ohio St. 45, 68 N. E. 571, the court instructed the jury to the effect that the defendant would be liable if the engineer ought, by the exercise of ordinary care, to have seen the deceased in his perilous condition, and could, by the use of ordinary care, have stopped or checked the speed

of his train in time to avoid the accident. The court in that case held:

"The concrete rule upon the subject is that if one is upon the track of a railway company by his own fault, and in peril, of which he is unconscious, or from which he cannot escape, and these facts and conditions are actually known by the engineer, it is his duty to exercise all reasonable care to avoid the infliction of injury. It does not impose the duty to exercise care to discover that one so upon the track is in a place of danger, but it does impose a duty to be exercised upon actual discovery. No matter if the rule did originate in considerations of humanity, it is an established rule of the law, which does not unreasonably interfere with the rapid movements of trains, nor is it ordinarily difficult of application if earnest and impartial efforts are made to apply it according to its terms and obvious import. With respect to the ground of liability now considered, the court instructed the jury that the company would be liable if the engineer ought, by the exercise of ordinary care, to have seen the deceased in his perilous position and could, by the exercise of ordinary care, have stopped or checked the speed of the train so as to avoid the collision. * * * The rule of liability applies only when there is actual knowledge of those operating the train inflicting the injury, which knowledge is imputed to the company, or the actual knowledge of the company derived through other means, with opportunity to communicate it to those operating the train. By introducing into the instruction given the phrase, 'if the engineer in charge of the train ought, by the exercise of ordinary care, to have seen the deceased in his perilous position,' and by other expressions in the charge involving the same conception, the court gave to the jury an erroneous view of the law."

In the case of *Southern Ry. Co. v. Drake*, 166 Ala. 540, 51 South. 996, the court held:

"Therefore, in the instant case, although it was the duty of the engineer to keep a lookout for persons using the crossing at Fourteenth street, and he may have also owed the duty to his passengers to keep a lookout for obstructions on the track, the plaintiff can take nothing in this action for the failure of the engineer to discharge such duties owed to others. Her intestate was a trespasser, and nothing was due him until the engineer discovered his perilous situation."

In the case of *Beiser v. Chesapeake & O. Ry. Co.* (Ky.) 92 S. W. 928, the court said:

"There was no evidence adduced that the employees of appellee actually saw appellant on the track before he was hurt. It was quite immaterial that they could have seen him, had they looked. They were not required by any duty to him to look, and no inference that they actually saw him could legitimately be drawn from the fact that they might have seen him. It is manifest that it would be entirely useless to announce the principle that the corporation owes a trespasser upon its track no lookout duty, if the evidence that the employees might have seen him, had they exercised ordinary diligence, would warrant the inference that they actually saw him. Such a rule would reduce a principle of law to a question of fact."

The case of *Atchison, T. & S. F. Ry. Co. v. Todd,* 54 Kan. 551, 38 Pac. 804, was an action for damages for the death of a child who was struck and killed while sitting on one of the defendant's cars. The court held that the deceased was a trespasser, and in doing so, said:

"He was in a place where the company had the exclusive use of the tracks, and where there was no reason to anticipate that intruders or trespassers would be concealed. Under such circumstances, there was no duty on the part of the company to foresee his wrongful presence, nor did any duty arise in his favor until his presence was

discovered. As a general rule, before the company can be made liable for injury to trespassers, it must appear that the proximate cause of the injury was the failure of the company to use reasonable care to avoid injury to them upon becoming aware of the peril to which they were exposed."

In the case of *Hayden v. Atchison, T. & S. F. Ry. Co.*, 87 Kan. 438, 124 Pac. 165, the plaintiff was held to be a trespasser, and the court said:

"Being a trespasser and grossly negligent in sitting down on the railway track under a car, they certainly owed him no duty until they learned of his situation. *Carey v. Railway Co.*, 84 Kan. 274, 114 Pac. 197, 46 L. R. A. (N. S.) 877. Until that time, they were not bound to take any precautions to avoid injuring him, nor to make any provisions for caring for possible trespassers, should they happen to be injured."

We therefore conclude that the court erroneously charged the jury that the railway company owed deceased the duty to use ordinary care in observing deceased upon the tracks. The company owed him the duty of exercising reasonable care to avoid injuring him after his peril was discovered; and this doctrine was announced by Commissioner Brewer in *St. L. & S. F. R. Co. v. Clark, supra.*

The judgment should therefore be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.