## ATCHISON, T. & S. F. RY. CO. v. MILES.

No. 8465—Opinion Filed Feb. 5, 1918.

(170 Pac. 896.)

1. Railroads — Injury to Trespasser on Track—Discovered Peril—Duty.

A railroad company in the operation of its trains, while it does not owe an unauthorized person upon its tracks the duty to use ordinary care in discovering such person on its tracks or to discover his dangerous position, must, after the discovery of his peril, use ordinary care to avoid doing him injury.

2. Evidence — Opinion Evidence — Speed of Train.

Persons of intelligence and observation may testify as to the speed of a train without qualifying as experts; the lack of expert knowledge concerning speed of trains affects the weight to be given by the jury to such evidence rather than the competency of the witnes.

(Syllabus by Pryor, C.)

Error from District Court, Oklahoma County; John W. Hayson, Judge.

Action by J. R. Miles against the Atchison, Topeka & Santa Fe Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Cottingham & Hayes and Geo. M. Green, for plaintiff in error.

Ledbetter, Stuart & Bell, for defendant in error.

Opinion by PRYOR, C. This action was commenced on the 19th day of July, 1915, in the district court of Oklahoma county by J. R. Miles, defendant in error, against the Atchison, Topeka & Santa Fe Railway Company, plaintiff in error, to recover damages for personal injuries. The parties will be referred to as they appeared in the trial court.

The petition alleges, in substance, that the plaintiff on the 31st day of May, 1915, was walking on the track and roadbed of the defendant between the towns of Skeedee and Pawnee, Okla.; that the railroad track between said towns was commonly used by the public as a footpath with the knowledge and consent of the defendant:

that on said date, while this plaintiff was walking over a bridge across a stream 4 miles east of Pawnee, the employes in charge of one of the defendant's passenger trains running from Skeedee to Pawnee negligently, carelessly, and willfully ran the plaintiff down and struck him with the engine of said train, and violently threw the plaintiff to the edge of the track and mangled and bruised all parts of his body, broke the bones of both his legs, broke several ribs, broke his collar bone, his shoulder blade, and rendered him a helpless cripple for life; that the bridge across said stream is about 75 yards long and about 40 feet high, and is not of sufficient width to permit a train to pass a person on said bridge; that the engineer and fireman on a train approaching said bridge from the east could see a person on said bridge at least 200 yards before reaching said bridge; that the engineer and fireman on said train knew that a person on the bridge could not escape injury other than by passing off the bridge at one of the ends of said bridge; that the plaintiff was damaged in the sum of $2,000. The answer of the defendant is a general denial and plea of contributory negligence. From a verdict and judgment for the plaintiff the defendant appeals.

The assignments of error presented by the defendant and urged on appeal may be stated briefly: First, that the evidence of the plaintiff fails to establish negligence of the defendant; second, that the court erred in admitting incompetent evidence.

While the petition alleges that the track of the defendant company between Pawnee and Skeedee was commonly used by the public as a footpath with knowledge and consent of the company, there is no evidence to establish this fact. For the purposes of this cause the defendant must be considered a mere trespasser, and his cause governed by the principles of law controlling the duties of the company to a trespasser. Being a trespasser, the company had a right to presume that the track was clear, and it was not under any obligation to keep a lookout or to use ordinary care in discovering the defendant on its track, but under the rule of the "last clear chance," which has been adopted in this state, the company owed a duty to the defendant after its discovery of his peril to use ordinary care to avoid doing him any injury. St. L. & S. F. R. Co., v. Clark, 42 Okla. 638, 142 Pac. 396; St. L. & S. F. R. Co. v. Model Laundry, 42 Okla. 501, 141 Pac. 970; M., K. & T. R. Co. v. Robnett,

57 Okla. 470, 157 Pac. 72; C., R. I. & P. R. Co. v. Stone, 34 Okla. 364, 125 Pac. 1120, L. R. A. (N. S.) 837; A. T. & S. F. R. Co. v. Cogswell, 23 Okla. 181, 99 Pac 923, 20 L. R. A. (N. S.) 837; A., T. & S. F. Co. v. Baker, 21 Okla. 51, 95 Pac. 433, 16 L. R. A. (N. S.) 825.

There is no dispute in the evidence that the engineer and fireman discovered the defendant's perilous situation before he was struck by the train. The only question of fact controverted is whether or not the engineer used ordinary care in stopping the train after his discovery of the peril of the plaintiff.

The fireman, Fortune, testified that he saw the plaintiff on the bridge when the train was two telephone poles distant; that the distance between telephone poles is 175 or 180 feet; that the defendant was facing the train, and he (fireman) started ringing the bell, and that the plaintiff began to run from left to right; that when he saw him he hollowed, "Whoa there!" to the engineer; that the engineer made application of the emergency brake; that he was about 175 or 180 feet from the bridge.

The engineer, Washburn, testified that he first saw the man when the fireman hollowed "Whoa there!" and said something about man on the bridge. The engineer further testified that he admitted to the plaintiff's attorney in the presence of the attorney for the defendant that he might have stopped the train within 50 or 100 feet.

Fred Brown, a witness, testified that the train from the time of the discovery of the defendant on the track ran about 400 feet; that the bridge across the stream was about 200 feet long; that the train slowed down when the engine was about 50 feet east of the bridge, and then increased in speed and ran by the plaintiff and stopped. This evidence alone shows a lack of exercise of ordinary care in avoiding doing injury to the plaintiff.

The engineer and the fireman testified that the train was running between 40 and 45 miles per hour, and that it was impossible to stop the train from the discovery of the plaintiff on the track until he was struck by the engine.

The testimony of the witnesses, both plaintiff and defendant, establishes that the schedule time between Pawnee and Skeedee was about 24 miles per hour. The evidence further shows that the track over which the train ran as it approached the

bridge curves. Several witnesses of the plaintiff's swore that the train was running about 20 miles per hour. Also there is evidence that the engineer by the use of ordinary care could have stopped said train before striking the plaintiff if said train was not running over 25 miles per hour.

Taking all the evidence of the plaintiff and defendant together on the question of whether or not the employes used ordinary care in stopping the train and avoiding the accident after the discovery of the plaintiff's peril, there seems to be no doubt but what there was sufficient evidence to submit this issue to the jury, and the court committed no error in doing so, and that there is evidence sufficient to support the verdict of the jury.

The defendant contends that the court erred in allowing witnesses produced by the plaintiff to testify regarding the speed at which the train was running just before and at the time of the accident, without requiring said witnesses to qualify as experts on speed. The rule seems to be well established that persons of intelligence and observation may be allowed to testify to the speed of automobiles and trains, and that their lack of expert knowledge in such matters does not affect the competency of the witnesses, but only goes to the weight to be given by the jury to the evidence of such witnesses. Dugan v. Arthurs, 230 Pa. 299, 70 Atl. 626, 34 L. R. A. (N. S.) 778, and note: Wolfe v. Ives, 83 Conn. 174, 76 Atl. 526, 19 Ann. Cas. 752, and note; Kelly v. Weaver, 77 Or. 267, 150 Pac. 166, 151 Pac. 463, Ann. Cas. 1917D, 611.

If a party was limited to expert testimony, where it is necessary for him to prove the speed of an automobile or train in order to establish negligence, it would be very rare instances where he would be able to establish his case. Therefore the rule that nonexpert witnesses may testify concerning the speed of an automobile and train seems to be clearly founded on sound principle and justice.

The judgment of the lower court should therefore be affirmed.

By the Court: It is so ordered.