**Willie Minter SMITH, Plaintiff in Error,**

v.

**Raymond B. HILL, Defendant in Error.**

No. 39569.

Supreme Court of Oklahoma.

March 19, 1963.

Rehearing Denied May 14, 1963.

Cargill, Cargill & Chiaf, Miskovsky & Miskovsky, Oklahoma City, for plaintiff in error.

Butler, Rinehart & Morrison, Oklahoma City, for defendant in error.

HALLEY, Vice Chief Justice.

Willie Minter Smith, hereafter called plaintiff, commenced this action in the District Court of Cleveland County against Raymond B. Hill, hereafter called defendant, for personal injuries and property damage. Defendant answered and cross-petitioned for personal injuries and property damage. The facts giving rise to the action were as follows. Plaintiff was driving his pickup truck north on U. S. Highway 77 approximately a half mile north of Noble, Cleveland County, Oklahoma. The weather was clear and it was daylight. The defendant was driving south in a station wagon. The plaintiff planned to turn to his left off the highway into his private driveway. He stopped on the highway until an approaching car which was ahead of defendant's station wagon met and passed him. He then turned to the west across the highway and into his driveway. The defendant turned to the right onto the shoulder of the highway and applied his brakes. After skidding the front of defendant's station wagon struck the right side of plaintiff's pickup at a point in plaintiff's driveway about six feet west of the west edge of the pavement.

Trial was had to a jury. At the close of plaintiff's case in chief, defendant demurred to plaintiff's evidence. The demurrer was taken under advisement and defendant presented his evidence. Plaintiff presented rebuttal evidence and both sides rested. Defendant renewed his demurrer to the evidence and moved for a directed verdict. The demurrer was overruled but the motion for directed verdict was granted. One of the jury was instructed by the trial court to sign the verdict finding the issues in favor of the defendant on his cross-petition and against the plaintiff and fixing the amount of defendant's recovery at $1,593.75. The defendant then moved to dismiss his cross-petition without prejudice which was sustained. Judgment was entered on the verdict in favor of defendant and against plaintiff. Plaintiff filed a motion for new trial which was overruled and he appeals.

Plaintiff submits two propositions for reversal:

1. That the trial court committed reversible error in directing a verdict for defendant.

2. That the trial court erred in excluding layman's opinion evidence as to speed of the station wagon.

We will discuss the two propositions in reverse order.

The plaintiff called two witnesses, Mr. and Mrs. Kenneth Nemecek, whose house is located just north of plaintiff's and on the same side of the highway as plaintiff's house. Their driveways were less than 200 feet apart. They were working in the back yard of their home just prior to the collision. Their attention was drawn to the defendant's station wagon by the sound of brakes being applied. They each testified that they observed the defendant's vehicle for "seconds" before it went out of sight because of their house blocking their view of the highway. They then heard the collision and ran to the scene of the accident.

Mr. Nemecek testified that he had driven cars for 25 years. He had had an opportunity to observe other cars driving on the highway in front of his home numerous times. He stated that he had an opinion as to the speed of defendant's station wagon at the time he saw it immediately before the accident. In answer to a qualifying question by the trial court he stated he observed the progress of the station wagon for 15 feet. When asked to state his opinion, the trial court sustained defendant's objection on the ground that a proper predicate had not been laid for such testimony. The plaintiff then made an offer of proof that, if allowed to testify, the witness would state that in his opinion defendant's vehicle was traveling 85 miles per hour.

Mrs. Nemecek testified that she had had occasion to observe vehicles going by her home. She has driven cars and was familiar with the speeds of vehicles. She had driven up and down that particular highway and had observed other vehicles traveling at certain known speeds. In answer to a qualifying question by defense counsel she stated that she observed the defendant's vehicle traveling along the highway for "at least 15 feet." The trial court sustained an objection to her further testimony. Plaintiff offered to prove that she would testify that defendant's vehicle was traveling at least 85 miles per hour.

Defendant cites only one case to support the trial court's ruling that opinion testimony by these two witnesses was inadmissible. Defendant cites Chicago, R. I. & P. Ry. Co. v. Barton, 59 Okl. 109, 159 P. 250. In that case we held that a witness who did not observe a train and did not know the speed of such train was not qualified to testify with regard thereto. Such witness's testimony that the train was traveling 15 miles per hour should have been excluded.

That case is not in point. In the instant case the two witnesses each testified that they did observe defendant's station wagon and that they did have an opinion concerning its speed.

In Enghlin v. Pittsburg County Ry. Co., 169 Okl. 106, 36 P.2d 32, 94 A.L.R. 1180, we said:

"In A., T. & S. F. Ry. Co. v. Miles, 69 Okl. 138, 170 P. 896, it is held: 'Per-

sons of intelligence and observation may testify as to the speed of a train without qualifying as experts; the lack of expert knowledge concerning speed of trains affects the weight to be given by the jury to such evidence rather than the competency of the witness.'

"Since automobiles have been in general use for a long time, any person of ordinary intelligence should be able to testify as to the approximate speed of a moving automobile without being required to qualify as an expert. The want of expert knowledge goes more to the weight and credit to be given by the jury to such evidence than the competency of the witnesses." See also Dowell, Inc. v. Layton, Okl., 261 P.2d 885.

In 5A Am.Jur., Automobiles and Highway Traffic § 994, it is said:

"An estimate of speed at which an automobile was moving at a given time is generally viewed as a matter of common observation rather than expert opinion, and it is accordingly well settled that any person of ordinary experience, ability, and intelligence having the means or opportunity of observation, whether an expert or nonexpert, and without proof of further qualification may express an opinion as to how fast an automobile which came under his observation was going at a particular time. The fact that the witness had not owned or operated an automobile does not preclude him from so testifying. Speed of an automobile is not a matter of exclusive knowledge or skill, but anyone with a knowledge of time and distance is a competent witness to give an estimate; the opportunity and extent of observation goes to the weight of the testimony." See also Annotation beginning at 156 A.L.R. 382.

We are convinced that it was error for the trial court to sustain defendant's objections to the testimony of these two witnesses concerning their opinion of defendant's speed after he had applied his brakes' and immediately before the collision. The testimony should have been admitted into evidence. The shortness of time that the witnesses observed the station wagon affects the weight to be given to the evidence by the jury rather than the competency of the witnesses.

The tender of proof by plaintiff shows that the witnesses would have testified that defendant was traveling "85 miles per hour" or "at least 85 miles per hour." This is evidence of excessive speed which amounts to negligence per se on the part of defendant. Where there is evidence of excessive speed, it is for the jury to say whether, under all the facts and circumstances of the case, such speed was the proximate cause of the collision.

The plaintiff testified that he made a left turn signal with his hand and with signal lights on his pickup. He had to stop opposite his driveway to allow a car to meet him and pass by before he turned. Such car was about three hundred yards in front of three other cars which were also meeting plaintiff. As soon as such car passed he pulled across the highway into his driveway. He estimated that as he began to cross the highway the nearest car of the three meeting him was about 250 yards away. He continued to observe the three cars and saw the middle one, defendant's station wagon, go around the front car, wobble, then leave the highway at about Mr. Nemecek's driveway. It then came up the bar ditch where it collided with plaintiff's pickup truck in plaintiff's driveway.

Defendant relies principally on the case of Griffeth v. Pound, Okl., 357 P.2d 965, wherein we affirmed an order sustaining defendant's demurrer to plaintiff's evidence. The facts were similar but not the same. Two vehicles were approaching from opposite directions and one turned left into a private driveway in front of the other. In that case, however, there was no evidence that the defendant was operating at an unlawful speed. And there was no evidence that defendant had reason to believe that the other vehicle would turn across the highway in front of defendant. As we have pointed

out in the discussion of evidence in the instant case, there is evidence of excessive speed by defendant and timely notice to defendant of plaintiff's intention to turn.

In the second paragraph of the syllabus of Southwestern Bell Telephone Company v. Martin, Okl., 370 P.2d 840, we held:

"Where respective duties of drivers of automobiles meeting on the highway depended on the circumstances of the case and were not fully prescribed by law and reasonable men might differ as to such duties and whether they were discharged, whether collision between such automobiles was unavoidable or was proximately caused by the negligence of either or both drivers was a question for the jury under proper instructions." See Garner v. Myers, Okl., 318 P.2d 410.

The above quoted rule is applicable to this case. Therefore the sustaining of defendant's motion for directed verdict was error. The judgment is reversed and the cause remanded with instructions to grant a new trial.