## AARON WOLFE *vs.* JOHN W. IVES.

Third Judicial District, Bridgeport, April Term, 1910.

HALL, C. J., PRENTICE, THAYER, RORABACK and ROBINSON, Js.

A belief that the jury, by reason of their experience in other cases, are familiar with the law touching an important question in the case on trial, can rarely, if ever, justify the trial judge in refusing to instruct them upon such question, if properly requested to do so.

A failure to instruct the jury upon a material point in the case may be a sufficient ground for a new trial, even though no request is made to charge thereon.

In an action to recover damages for personal injuries alleged to have been caused by the negligence of the defendant in driving his motor car at too rapid a speed and hitting the plaintiff as he was crossing the street, the trial court instructed the jury that a failure to comply with the requirements of the statute respecting the operation of such vehicles on the highway, from which an injury resulted, gave to the injured person a cause of action if his own negligence did not materially contribute to the injury; but omitted to say, in so many words, that the burden rested upon the plaintiff to prove the negligence charged, as well as his own exercise of due care, nor was any request made to the court to so instruct them. *Held* that under these circumstances the omission to charge more specifically respecting the burden of proof as to negligence and contributory negligence was not a sufficient ground for granting a new trial.

The trial court charged the jury that the plaintiff was bound to use due care; and that if he was familiar with the street and its traffic and knew that automobiles and other vehicles were passing and repassing, and in alighting from the trolley-car did not look in either direction but started across the street in a hurried walk with his head down, the jury would be warranted in finding and ought to find him guilty of contributory negligence. *Held* that this was sufficiently favorable to the defendant and in substantial compliance with several of his requests.

The defendant used no chains on the wheels of his automobile and no request for any instructions upon that subject was made, nor were any given. *Held* that it did not appear that the trial court committed any error in this particular.

An adult of ordinary intelligence and experience is presumably capable, without proof of further qualification, of expressing his opinion as to the speed of a passing automobile which he observes.

Wolfe *v.* Ives.

The loss of earnings, if alleged in the complaint, is admissible in evidence as an element of damage, and is to be weighed by the jury with all the other evidence in the case, notwithstanding the testimony as to such loss may be somewhat indefinite and uncertain, and therefore of little real weight.

Argued April 12th—decided June 14th, 1910.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendant in operating his automobile, brought to the Superior Court in New Haven County and tried to the jury before *George W. Wheeler, J.;* verdict and judgment for the plaintiff for $2,125, and appeal by the defendant. *No error.*

*Stiles Judson* and *Harrison Hewitt,* for the appellant (defendant).

*Robert C. Stoddard,* for the appellee (plaintiff).

HALL, C. J. In the forenoon of March 11th, 1908, the plaintiff, having alighted from an easterly bound trolley-car which had stopped on the north side of Broad Street, in the town of Milford, while crossing the street to his place of business on the south side of the street, was struck by the defendant's automobile going westerly, and was severely injured.

The plaintiff was about fifty years of age, was engaged in the tailoring and clothes-pressing business, and at the trial offered evidence to prove that as a result of the accident, two of his ribs, his arm, shoulder, hip-bone and nose, were broken; that he was confined to the hospital for eight weeks, was compelled to close his tailor shop, and was unable to work until the first of the following December.

The plaintiff claimed to have proved that he was in the exercise of due care, and that the accident was the

result of the defendant's negligence in these respects, among others: in driving his car at too rapid a rate of speed at the place where plaintiff was crossing the street; in not having his automobile under such control as to be able to stop it before striking the plaintiff; and in not stopping or slowing up his automobile in passing where people were getting on and off a trolley-car.

The defendant claimed to have shown at the trial that he was not guilty of the alleged acts of negligence, and that the plaintiff's negligence essentially contributed to cause the accident.

The jury returned a verdict for the plaintiff for $2,125.

Sixteen alleged errors, based upon the charge of the court and rulings upon evidence, are assigned in the defendant's appeal. We shall consider those only which he has pursued either in his oral argument or in his brief.

The principal complaint of the appellant seems to be that the court failed to charge the jury that the burden rested upon the plaintiff to prove the alleged negligence of the defendant and due care of the plaintiff. The finding states that the jury by whom the case was tried had been in attendance for several weeks, and that each juror had sat in from one to six cases, and had been charged in several negligence cases, that the burden rested upon the plaintiff to prove the alleged negligence of the defendant and that the plaintiff's own negligence did not materially contribute to the injuries complained of. That a trial judge has reasonable ground to believe that the jury, from their previous experience in the trial of cases, are familiar with the law upon an important question involved in a case on trial, would rarely, if ever, justify him in refusing to instruct the jury upon such question, if properly re-

quested to do so. When the jury may not fully understand the rule of law upon a material point in a case on trial, it is generally the duty of the trial judge to instruct them upon such point, and a failure to do so might be a sufficient ground for a new trial even though there had been no request to charge upon such question. *Soper* v. *Tyler*, 73 Conn. 660, 662, 49 Atl. 18. In the case before us there was no request to charge upon the question of the burden of proof, and the court did not in so many words tell the jury that the burden of proof rested upon the plaintiff upon the questions of the negligence of the defendant and the due care of the plaintiff. The court, however, in its charge,— after reading to the jury the provisions of §§ 11 and 12 of chapter 221 of the Public Acts of 1907 (p. 825), that no person shall operate a motor vehicle in the public highways of this State recklessly or so as to endanger property or the life or limb of any person; and that upon approaching any person walking in the traveled portion of any highway, the person operating a motor vehicle shall have the same under control and reduce its speed—did use this language: "A failure to comply with the statutory provision, from which injury results, gives a cause of action to the person injured, if his own negligence did not materially contribute to his injuries. . . . The elements in such cause of action are a finding by you: (1) that there has been proved a breach of some one of those statutory requirements on the part of the defendant . . .; (2) that such breach of the requirements of the statute resulted proximately, directly, in the accident to the plaintiff; (3) that the plaintiff's own negligence did not essentially or materially contribute to the accident."

By this language the court told the jury that to justify a verdict for the plaintiff they must find it *proven that the plaintiff's negligence did not contribute* to the ac-

cident. The only reasonable interpretation of this language is that the jury must find that the plaintiff had proved the defendant's negligence, and that his own negligence did not essentially contribute to the injuries. It would be absurd to say that the jury may have understood the court to mean by this language that the elements of the plaintiff's case were: proof by the defendant of a violation of the statute, and proof by the defendant that the plaintiff's negligence did not contribute to the accident. In the absence of any request to charge upon those questions, the omission of the trial judge to state to the jury more specifically the law regarding the burden of proof upon the questions of defendant's negligence and plaintiff's contributory negligence, is not a sufficient ground for granting a new trial. *Miles* v. *Strong*, 68 Conn. 273, 291, 36 Atl. 55.

The court charged that "in using the highway this plaintiff must use reasonable care"; that he was required "to use such care as a reasonably prudent person would use, situated as he was situated," and that if the jury found, as the defendant claimed it had been shown, "that the plaintiff, when he alighted from the car, was familiar with the street and its traffic, and knew that automobiles and vehicles were liable to be passing and repassing, and he did not look to the right or the left, but started across the street in a hurried walk with his head down, you would be warranted in finding and ought to find that the plaintiff was guilty of contributory negligence." Such instructions were sufficiently favorable to the defendant, and were a sufficient compliance with the defendant's four requests to charge, as to what care and conduct the law required of the plaintiff.

In the absence of any request to charge upon the question of the duty of the defendant to use chains upon the wheels of his automobile, we cannot say from

the record that the court erred in giving no instructions to the jury upon that subject.

One Brown, a witness for the plaintiff, having testified that he saw the defendant pass in his automobile at about the time of the accident, was asked how fast the defendant was going. To this question the defendant objected, upon the ground that it should first be shown that the witness was qualified to answer the question, by reasonable experience in judging speed. The court permitted the inquiry, and the witness answered, "I have said to myself he was going fifteen miles an hour. . . . I think he was going twice as fast as you would drive a horse."

There was no error in this ruling. Generally an adult person of reasonable intelligence and ordinary experience in life, who just before an accident observed the passing automobile, the rapid speed of which is claimed to have caused the accident, is presumably capable, without proof of further qualification, to express an opinion as to how fast such automobile was going. *St. Louis & S. H. Ry. Co.* v. *Brown,* 62 Ark. 254, 35 S. W. 225; *Chicago, B. & Q. R. Co.* v. *Johnson,* 103 Ill. 512; *Grand Rapids & Ind. R. Co.* v. *Huntley,* 38 Mich. 537.

The plaintiff testified that he had a good trade in his tailoring business, in the winter making $3 or $4 a day and some days in the summer $6 or $7 a day, but that he kept no account-books, and could not tell what he made any particular day or week during the seven years he was in Milford. The defendant moved that this testimony be stricken out as too indefinite and uncertain, and also requested the court to instruct the jury to disregard it in the assessment of damages. The court denied the motion, and instructed the jury that they might include in the damages such sum as they found the plaintiff had lost in earnings (such loss having

been alleged in the complaint). The court added, in substance, that there was no evidence to show the net earnings of the plaintiff's business; that the only testimony as to loss of earnings was that of the plaintiff, and that while that was indefinite, the jury might consider it, with other evidence, in determining the plaintiff's loss of earnings.

This ruling and charge was correct. The fact that the plaintiff could not state accurately his earnings for any particular day or period, and that he kept no books of account, went rather to the weight than to the admissibility of his testimony.

Other rulings upon evidence, and statements in the charge, complained of in the defendant's brief and argument, are not such as entitle him to a new trial, and require no discussion.

There is no error.

In this opinion the other judges concurred.