## WALTER PIETRYCKA vs. STANISLAW SIMOLAN.

First Judicial District, Hartford, January Term, 1923.

WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

In charging the jury the court should not limit itself to the statement of general principles of law, but direct the jury how to apply such instructions to the facts of the case before them.

The Motor Vehicle Act (Public Acts of 1921, Chap. 400, §§ 25, 26) sets forth a statutory definition of reckless driving, which it prohibits, and follows it by the statement of rules as to rates of speed which, under specified conditions, are to constitute prima facie evidence of a violation of the statutory prohibition. *Held* that in view of this statute it was not sufficient for the court to give the jury a mere statement of the common-law principles of negligence, but that it must charge them directly and particularly as to the standard of care required by such statutory provisions,—what facts made the prima facie evidence rule of reckless driving applicable, how such evidence might be overcome, what constituted a violation of the statutory standard, and the legal consequences resulting from such violation.

In the present case the charge of the court permitted the jury to judge of the reasonableness of the speed of the defendant's motor-vehicle at the time of the accident, and whether such speed was excessive, without direct reference to the statutory standard. *Held* that in this respect the charge was inadequate to the issues presented on the trial.

The jury were instructed that the plaintiff could not recover if they believed that the defendant, at the time of the accident, acted as a reasonably prudent man would act in a sudden emergency and that the accident was the result of such action. *Held* that this was erroneous, since such charge overlooked the contingency that the defendant's previous unlawful conduct might have been the cause of the emergency.

Whether requested or not, it is the duty of the court in every case to give to the jury then sitting such instructions as are applicable and sufficient for the consideration of the case before them; and it cannot rely upon matter previously explained to some or all of the jurors in other cases tried before them.

Requests to charge must be specific and must relate separately and distinctly to particular points of law which it is claimed are decisive of the case; and therefore an omnibus request, by which the court is asked to recite a substantially complete charge to the jury, is not in proper form.

Argued January 4th—decided March 1st, 1923.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, brought to the Superior Court in Hartford County and tried to the jury before *Marvin, J.*; verdict and judgment for the defendant, and appeal by the plaintiff. *Error and new trial ordered.*

The complaint alleged that the plaintiff was a passenger in the defendant's automobile by his invitation, that the defendant was operating the automobile, which was overturned because of the negligence, incompetence and inexperience of the defendant, and thereby the plaintiff, who was at all times exercising due care, was injured. An amendment set out: "Said negligence of the defendant consisted in operating said automobile so controlled by him recklessly and at a rate of speed greater than was reasonable and proper, having regard to the use, width, and traffic of said highway at said time and place and in such a manner as to endanger the life and limb of the plaintiff herein." The answer was a general denial.

*Cornelius J. Danaher,* for the appellant (plaintiff).

*A. Storrs Campbell,* for the appellee (defendant).

BURPEE, J.   The defendant claimed to have proved that with his permission the plaintiff was riding from New Haven to Southington in an automobile operated and controlled solely by the defendant; that late at night, when there was little traffic on the streets, the defendant was driving toward the intersection of Main and Bristol streets in Southington, at a speed of twenty-five miles an hour; that as he approached the junction of these streets, another automobile ran out of Bristol Street into Main Street very rapidly and directly toward the defendant's car; that to avoid a collision he turned to the left very sharply, and thereupon his car skidded about fifty feet on the street railway tracks, then overturned and pinned the plaintiff under it, and thus caused his injuries; and that the plaintiff did not at any time exercise any control over the automobile nor give any warning of danger.   No claim was made that the plaintiff by his conduct contributed essentially to his resulting injuries.

The plaintiff claimed to have proved that the portion of the town of Southington around the junction of Main and Bristol streets is thickly settled, where the buildings average for the distance of a quarter of a mile less than one hundred feet apart; that the rate of speed of the defendant's automobile exceeded twenty miles an hour for more than a quarter of a mile while it was operated through this part of the town; and that the defendant did not reduce this speed nor make any signal as he approached the intersection of these streets, although signboards were erected and legible for a distance of more than one hundred feet.   It does not appear that any conflicting evidence concerning these matters was offered.

Calling the attention of the trial court to the complaint, and asserting that it alleged in effect that the defendant drove his automobile so recklessly and negligently as to overturn it and thus injure him, the plaintiff requested the court to charge the jury in the language of § 25, chapter 400, of the Public Acts of 1921, as follows: "RECKLESS DRIVING. No person shall operate a motor vehicle upon any public highway of the state recklessly or at a rate of speed greater than is reasonable and proper having regard to the width, traffic and use of the highway, the intersections of streets and weather conditions, or so as to endanger the property or life or limb of any person. . . ." And he asked the court further to direct their attention to § 26 of the same Act, which declares what is prima facie evidence of reckless driving in these terms: "If the rate of speed of a motor vehicle operated on any public highway exceeds thirty miles an hour for a distance of one quarter of a mile, or if such rate of speed exceeds twenty miles an hour for a quarter of a mile through the thickly settled portion of any town, city or borough where the buildings average for such distance less than one hundred feet apart, such rate of speed shall be deemed prima facie evidence that the person operating such motor vehicle is operating the same in violation of the provisions of section twenty-five of this act. . . ." Then the plaintiff asked the court to instruct the jury that if they found that the defendant operated his automobile recklessly in this respect, then there was a violation of these statutes, and if they further found that the accident took place as a result of such recklessness, and that that was the proximate cause of the plaintiff's injuries, it was their duty to render a verdict for the plaintiff. In response to these requests the trial court charged the jury as follows: "Now, similarly, with reference to the rate of speed. Reference has been

made here to the statutes of the State of Connecticut. I think they have been read to you. It is unquestionably the proper function of the legislature to say that a certain rate of speed in a thickly populated community is prima facie evidence of negligence, and that another rate of speed under other conditions is prima facie negligence; and that is what the legislature has said. The legislature has not said,—or forbidden a motor-vehicle to proceed at a higher rate of speed, and this provision, as I understand it, is prima facie evidence which should be considered but can be overcome by proof of conditions existing which make the rate of speed at the time a reasonable one. I have told you before in other cases that a rate of speed is naturally a varying thing. What is a reasonable rate of speed varies with the circumstances and surroundings, whether the person is in a thickly populated community, or otherwise, or approaching an intersecting highway or in the open country. And then, as to the rate of speed, as to the reckless driving: You will have to be satisfied by a fair preponderance of the evidence that there was an excessive rate of speed and you will have to be satisfied that that excessive rate of speed contributed to or brought about this accident in order to find for the plaintiff."

We do not think that these instructions were adapted to the issues raised and the apparently undisputed facts of this case. The court stated certain general principles of law, but gave the jury no safe guidance to a correct result. It was the duty of the court to direct the jury how to apply the particular law applicable to the facts of this case. *Morris* v. *Platt*, 32 Conn. 75; *Sisson* v. *Stonington*, 73 Conn. 348, 353, 47 Atl. 662. It should have informed them distinctly what their conclusion should be if they found that the prima facie evidence had not been overcome, and that

the defendant was driving recklessly within the definition prescribed by the statute, or had violated the statute by the manner in which he operated his motor-vehicle. Considering the allegations of the complaint and the evidence, together with the plaintiff's requests, the court was called on to go beyond a mere statement of the common-law principles which fix the measure of duty which one person owes to another respecting his person or property, and the violation of which is negligence. The legislature, with unquestionable authority, has established an arbitrary standard for the test of conduct in operating motor-vehicles in the highways of this State. It has prescribed that certain acts, plainly stated or specifically defined, shall not be done. A violation of the statute is a violation of the duty which one person owes to another in respect to person or property, and therefore is negligence of itself, and when it is the proximate cause of injury it is actionable negligence. *Sharkey* v. *Skilton*, 83 Conn. 503, 508, 77 Atl. 950. In *Wolfe* v. *Ives*, 83 Conn. 174, 177, 76 Atl. 526, the trial court correctly stated the law pertinent to cases of this kind in this language: " 'A failure to comply with the statutory provision, from which injury results, gives a cause of action to the person injured, if his own negligence did not materially contribute to his injuries. . . . The elements in such cause of action are a finding by you [the jury]: (1) that there has been proved a breach of some one of those statutory requirements on the part of the defendant . . .; (2) that such breach of the requirements of the statute resulted proximately, directly, in the accident to the plaintiff; (3) that the plaintiff's own negligence did not essentially or materially contribute to the accident.' " In *Dunbar* v. *Jones*, 87 Conn. 253, 259, 87 Atl. 787, the trial court said with reference to this statute: " ' It therefore follows that if any person does

operate an automobile upon the highways of this State contrary to the provisions of this statute, he is not doing so with reasonable care, and that it is negligence on his part to do so, and that if injury results by reason of his so operating an automobile upon a highway of this State, he is responsible for the consequences.'"

The trial court should have instructed the jury that if they found that the defendant operated his automobile on a highway at the time of the accident for a distance of one quarter of a mile through the thickly settled portion of Southington, where the buildings average for such distance less than one hundred feet apart, they must find that such rate of speed was prima facie evidence of reckless driving, and that the defendant was operating the motor-vehicle in violation of the provisions of § 25 of the statute; but that such prima facie evidence of reckless driving might be overcome by the evidence of other facts and circumstances in the case; and that it was for them to find whether or not the defendant at the time of the accident had operated his motor-vehicle recklessly. If they so found, they must find that the defendant had violated this statute. And further if they should find that the defendant operated his motor-vehicle at the time of the accident at a rate of speed greater than is reasonable and proper, having regard to the width, traffic and use of the highway, the intersections of streets and weather conditions, or so as to endanger the life or limb of the plaintiff, they must find that the defendant had violated this statute in that respect. If they should find the defendant in either of these particulars had violated the statute, and further should find that this violation was the proximate cause of the injuries to the plaintiff, and that the plaintiff's negligence did not materially contribute to his injuries, their verdict should be in favor of the plaintiff. In its

failure to give any instruction of this kind, we think the court erred.

The appellant assigns for error a sentence in the charge in which the court instructed the jury that if they should find that the defendant was operating his motor-vehicle recklessly, and as a consequence the plaintiff was injured, whereas had the defendant been driving with due care the accident would not have resulted, then it was their duty to return a verdict for the plaintiff. Herein the court omitted to inform the jury that the legislature had defined reckless driving and set up a standard of due care, and to tell them what that definition and standard are. It failed to explain and apply this definition and standard to the issues and facts claimed to have been proved in this case. Those facts would seem to show that when the defendant arrived at the intersection of Main and Bristol streets, and for a distance of more than a quarter of a mile before he reached that spot, he was driving his motor-vehicle at the rate of twenty-five miles an hour, through a thickly settled part of the town, where the buildings averaged fifty to one hundred feet apart. If the jury believed that these were the facts—which seems not to have been disputed—they could reasonably come only to the conclusion that the defendant was violating the statutes to which their attention had been called, and therefore was negligent in law. This part of the charge was defective because it did not instruct the jury to apply the standard fixed by the legislature as a test of the conduct of the defendant, with respect to due care in the circumstances revealed by the evidence.

The defendant sought to escape the consequences of the accident because, as he claimed to have proved, the skidding and overturning of his automobile were caused by his turning sharply to avoid a collision with

another automobile which came out of Bristol Street into Main Street very rapidly and directly toward him. The trial court charged the jury that if they believed that the defendant in such circumstances acted as a reasonably prudent man would act in a sudden emergency, and the accident was the result of such action, the plaintiff could not recover. This was not an accurate statement of the law applicable to the facts which the defendant had offered evidence to prove or did not claim to have disputed; for it had appeared that when he was approaching the intersecting street out of which the other car came toward him, he was driving at a rate of speed of twenty-five miles an hour, in the thickly settled portion of the town, and had been driving at that speed for more than a quarter of a mile. Manifestly, if it was this violation of the law by the defendant which brought about the situation in which it became necessary to make a sharp turn to avoid a collision; if it was his unlawful speed that caused the emergency in which he had to act suddenly and without time for thought, it would not be reasonable to nullify his primary negligence by his subsequent prudent act. If the emergency itself was the result of his negligence, followed by the sharp turning which caused the skidding and overturning of the vehicle, it was a sequence of events for which he was responsible from the first to the last. To set up the emergency as a sufficient excuse for the overturning of the car would be to give him protection under his own wrong. In the circumstances this part of the charge was insufficient and erroneous.

At the beginning of his charge and near the end, the trial judge said to the jury that he would treat and had treated this case briefly, because some of the points of law raised in it had been well covered in charges which he had given before to juries in other

cases in which some of the jurymen in this case had sat. The appellant assigns this statement as error. In itself it is not evidently harmful. But if it appeared that in fact the court for any reason had omitted to charge the jury correctly and adequately upon any question of law arising during the trial of this case, there would be error for which a new trial might be ordered. Such an error would not be excused nor be regarded as harmless simply because the trial court in a former case had given to the jury full instructions adapted to the same matters which were involved in the present case, although some or all of the jurymen who were sitting in this case had also been in the former jury and heard the charge in the former case. Both parties in every action have the right to expect that the court will direct the jury concerning every question of law arising in the trial of each case as completely and distinctly as if the question had never arisen in another action. We have said in *Wolfe* v. *Ives*, 83 Conn. 174, 176, 76 Atl. 526: "That a trial judge has reasonable ground to believe that the jury, from their previous experience in the trial of cases, are familiar with the law upon an important 'question involved in a case on trial, would rarely, if ever, justify him in refusing to instruct the jury upon such question, if properly requested to do so." And whether requested or not, it is the duty of the court in every case to give to the jury sitting in that case such instructions as are applicable to the issues raised and sufficient for their guidance in coming to a verdict in the case before them. *Soper* v. *Tyler*, 73 Conn. 660, 662, 49 Atl. 18; *Miller & Co.* v. *Lampson*, 66 Conn. 432, 34 Atl. 79. If no request be made that the court charge upon a certain point, and its attention be not called to that point in any way, and its failure to give instructions on that point occur through inadvertence, still the

omission will be an error, if the omitted matter was essential to a legal consideration and disposition of the case by the jury. In the present case, however, no omission is pointed out in this reason of appeal, and, as we have said, the mere expression of the court's intention not to repeat some instructions which it had given in cases tried previously before some of the same jurymen, is not in itself a ground of error.

The record shows that in his request to charge, the plaintiff submitted to the trial court a substantially complete charge to be recited to the jury. Specific requests relating to the particular points of law which the plaintiff manifestly claimed to be decisive of this case were not made separately and distinctly. Such an omnibus request is not in proper from. It is well adapted to conceal the vitally material questions of law under a mass of less important matters, and to confuse the minds and distract the attention of those who read or hear it read. "It is not for counsel to frame the charge of the court." *State* v. *McKee,* 73 Conn. 18, 30, 46 Atl. 409.

We think, however, that the court erred in the other particulars and manner we have mentioned, and therefore the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.