Pietrycka *v.* Simolan.

--------

WALTER PIETRYCKA *vs.* STANISLAW SIMOLAN.

First Judicial District, Hartford, January Term, 1925.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

The complaint alleged in effect that the plaintiff's injuries were caused by the negligence of the defendant in violating the provisions of § 25 of Chapter 400 of the Public Acts of 1921, which prohibited the operation of a motor vehicle upon any public highway "recklessly or at a rate of speed greater than is reasonable and proper having regard to the width, traffic and use of the highway, the intersection of streets and weather conditions, or so as to endanger the property or life or limb of any person." *Held:*

1. That the trial court correctly charged the jury to return a verdict for the plaintiff if they should find that, while he was in the exercise of due care, his injuries were proximately caused by the defendant's commission of either of the three acts forbidden by the statute.

2. That the trial court's use of the term "reckless driving", to include all the acts forbidden by the statute, could not have misled the jury.

Argued January 9th—decided February 23d, 1925.

ACTION to recover damages for personal injuries alleged to have been caused by the negligent operation of the defendant's automobile while the plaintiff was a guest therein, brought to the Superior Court in Hartford County and tried to the jury before *Banks, J.;*

verdict and judgment for the defendant, and appeal by the plaintiff.  *No error.*

The plaintiff's evidence tended to prove that he was a passenger in the defendant's automobile by invitation, and that the defendant was operating the automobile, which was overturned because of his negligence, and thereby the plaintiff, who was at all times in the exercise of due care, was injured.  The defendant's evidence tended to prove that he was operating his car with due care under the surrounding circumstances.  An amendment to the complaint set out the negligence complained of as follows: "Said negligence of the defendant consisted in operating said automobile so controlled by him recklessly and at a rate of speed greater than was reasonable and proper having regard to the use, width, and traffic of said highway at said time and place, and in such a manner as to endanger the life and limb of the plaintiff."  To these allegations the defendant pleaded a denial.

*Cornelius J. Danaher,* for the appellant (plaintiff).

*Herbert Wescott Fisher,* with whom, on the brief, was *A. Storrs Campbell,* for the appellee (defendant).

CURTIS, J.  This case was previously before us. *Pietrycka* v. *Simolan,* 98 Conn. 490, 120 Atl. 310.  In the complaint as amended, three grounds of negligence are alleged.  Each is an act of reckless driving forbidden by statute.  None of them is an allegation of conduct claimed as constituting common-law negligence.  The three statutory grounds of action are: operating a motor vehicle upon a highway of the State (1) recklessly; (2) at a rate of speed greater than is reasonable and proper having regard to the width,

traffic and use of the highway; (3) so as to endanger the life and limb of the plaintiff.

The accident occurred on July 27th, 1921. The statute then in force which contains prohibitions as to reckless driving is § 25 of Chapter 400 of the Public Acts of 1921, which went into effect twenty-six days before the accident, and reads as follows: "Reckless Driving. No person shall operate a motor vehicle upon any public highway of the State recklessly or at a rate of speed greater than is reasonable and proper having regard to the width, traffic and use of the highway, the intersection of streets and weather conditions, or so as to endanger the property or life or limb of any person."

The slight inaccuracy in the amendment to the complaint in setting forth the second allegation of statutory reckless driving, the court remedied in its charge, which was as follows in regard to these grounds of negligence alleged: "In regard to the statute concerning reckless driving. If you should find that the defendant, at the time in question, was operating his car recklessly, or at a rate of speed greater than was reasonable and proper, having regard to the width, traffic and use of the highway, the intersection of streets and weather conditions, or so as to endanger the life or limb of the plaintiff, then he was operating it in violation of the statute; and if the plaintiff's injuries were directly or proximately caused by such violation, your verdict must be in favor of the plaintiff, if you should also find that the plaintiff himself was in the exercise of due care."

The jury were thus told, in substance, that the statute concerning reckless driving prohibited the three grounds of negligence alleged, and if the plaintiff's injury was proximately caused by any such violation and at the time he was in the exercise of due care,

the verdict should be for the plaintiff, which was correct.

Section 25 of the statute was also specifically read to the jury.

The court speaks in the charge of "reckless driving" obviously using the expression as a generic term covering each of the three forbidden acts of reckless driving prohibited by § 25. The legislature designated § 25 as an entire section under the heading, "Reckless Driving," and thus in a measure justified this generic use of the term. Such use of the term was also made by us in the opinion in *Pietrycka* v. *Simolan,* 98 Conn. 490, 120 Atl. 310. The court sufficiently defined and specified the three grounds of action in the complaint in the portion of the charge given above.

The plaintiff claims that the charge, and especially that portion relating to § 26 of the Motor Vehicle Act of 1921, which defines what is "prima facie evidence of reckless driving," would reasonably lead the jury to understand that the prima facie evidence of reckless driving there referred to would only relate to the first kind of reckless driving prohibited by § 25, to wit, to "operating a motor vehicle recklessly." An examination of the whole charge convinces us that the claim of the plaintiff is unfounded, and that the jury could not reasonably have understood otherwise than that the prima facie evidence of reckless driving related to each of the three kinds of reckless driving prohibited by § 25.

So also where the court in its charge in other connections speaks of "reckless driving", the jury could not have failed to understand from the charge as a whole that each of the three kinds of reckless driving enumerated in this section and alleged in the complaint were referred to under the general term "reckless driving."

The remaining grounds of error are so obviously un-

tenable as not to justify discussion. *Pietrycka* v. *Simolan, supra.*

The charge as a whole was too favorable to the plaintiff, as it allowed a recovery upon a ground of negligence, to wit, upon the defendant's failure to obey § 2 of Chapter 334 of the Public Acts of 1921, which was not alleged in the complaint as a ground of recovery.

There is no error.

In this opinion the other judges concurred, except KELLOGG, J., who concurred in the result, but died before the opinion was written.