## THE STATE OF CONNECTICUT *vs.* STEPHEN ANDREWS.

Third Judicial District, New Haven, June Term, 1928.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued June 12th—decided July 16th, 1928.

*Franklin Coeller,* for the appellant (the accused).

*Edwin S. Pickett,* Prosecuting Attorney, for the appellee (the State).

HAINES, J.  The defendant was convicted on the first and third counts of an information for driving recklessly and driving under the influence of liquor, and he entered a plea of guilty to another information charging second offense.  On another count for driving so as to endanger the life and property of others, he was acquitted.  A motion to set aside the verdict and a motion in arrest of judgment were both denied.

The provisions of the statute are as follows: "(a) No person shall operate any motor vehicle upon any public highway of the state recklessly, having regard to the width, traffic and use of such highway, the intersection of streets and the weather conditions, or so as to endanger the property or life or limb of any person. (b) No person shall operate any motor vehicle upon any public highway of the state at a rate of speed greater than is reasonable, having regard to the width, traffic and use of the highway, the intersection of streets and the weather conditions."  Public Acts of 1925, Chap. 195, §13 (a) and (b).

"The operation of a motor vehicle upon any public highway at such a rate of speed as to endanger the life of any person other than an occupant of such motor vehicle shall constitute a violation of the provisions of

. . . subsection (a) of section 13 of Chapter 195 of the Public Acts of 1925. The operation of a motor vehicle upon any public highway at such a rate of speed as to endanger the life of any occupant of such motor vehicle, but not the life of any other person than such occupant, shall constitute a violation of the provisions of . . . subsection (b) of section 13 of Chapter 195 of the Public Acts of 1925." Public Acts of 1927, Chap. 75.

"No person shall operate a motor vehicle while under the influence of intoxicating liquor or of any drug." Public Acts of 1921, Chap. 400, §30.

The various assignments of error may be stated generally as follows: (a) that the provisions as to driving recklessly and driving so as to endanger life, limb or property, are a nullity for the reason that they do not establish a standard of conduct sufficiently definite to inform a person of the nature and extent of his offense and afford no ascertainable test of guilt; (b) that driving recklessly, driving so as to endanger life, limb or property, and driving under the influence of liquor, are identical, and are one and the same operation, and cannot serve as the basis for three separate convictions; that the first two offenses are merged in that of operating under the influence of liquor, also that the acquittal on the charge of endangering life, limb or property, barred the charge of reckless driving, otherwise the defendant is subjected to two or more different and distinct penalties for the same offense in violation of his constitutional rights; (c) that the jury were not properly instructed upon the law of reasonable doubt.

As to the first proposition: The Act of 1921, Chapter 400, §25, contains the same general provisions, though differently arranged, as the Act of 1925, Chapter 195, §13 (a) and (b). We held that the statute of 1921 prohibited three acts of negligence, (1) operating recklessly, (2) at a rate of speed greater than was reason-

able and proper, and (3) so as to endanger life, limb or property. *Pietrycka* v. *Simolan,* 102 Conn. 42, 45, 127 Atl. 717. Under similar provisions of the statute we recognized the soundness of the following charge: "It requires that no person shall operate a motor vehicle on the public highways of this State recklessly, or at a rate of speed greater than is reasonable and proper, or so as to endanger the life or limb of any person. It therefore follows that if any person does operate an automobile upon the highways of this State contrary to the provisions of this statute, he is not doing so with reasonable care, and that it is negligence on his part to do so." *Dunbar* v. *Jones,* 87 Conn. 253, 259, 260, 87 Atl. 787.

Again, with reference to these statutory provisions, we have said: "The legislature, with unquestionable authority, has established an arbitrary standard for the test of conduct in operating motor vehicles in the highways of this State. It has prescribed that certain acts, plainly stated or specifically defined, shall not be done." *Pietrycka* v. *Simolan,* 98 Conn. 490, 495, 120 Atl. 310.

These provisions of the statute relate to three acts, separate and distinct in character. It is clearly within the police power of the State to thus regulate the driving of automobiles on the public highways. *Cotter* v. *Stoeckel,* 97 Conn. 239, 245, 116 Atl. 248; Huddy on Automobiles (8th Ed.) p. 48, §53.

The validity of a statute prescribing a penalty for a given act of this character requires that the elements of the offense be stated with legal certainty. *State* v. *Carpenter,* 60 Conn. 97, 22 Atl. 497; *Commonwealth* v. *Pentz,* 247 Mass. 500, 143 N. E. 322; Huddy on Automobiles (8th Ed.) p. 1051, §892; Berry on Automobiles (5th Ed.) p. 1284, §1796.

Various and conflicting decisions are found in different jurisdictions as to the validity of statutory provi-

sions attacked for failure to meet this requirement. Thus in Texas, a statute making it an offense to drive automobiles other than in a *careful manner,* has been held void on this ground; *Russell* v. *State,* 88 Tex. Crim. 512, 228 S. W. 566; and in Georgia, a statute has been held void which prohibited driving *so as to endanger the property or life or limb of any person. Howard* v. *State,* 151 Ga. 845, 108 S. E. 513; *Carter* v. *State,* 12 Ga. App. 430, 78 S. E. 205. Both of these provisions would be held valid in this State.

In most jurisdictions statutes will not be held void for uncertainty if a practicable or sensible effect may be given to them. 3 Blashfield, Cyclopedia of Automobile Law, p. 2045, §3. So, statutes prohibiting an *unreasonable* rate of speed are generally sustained. *Ex parte Daniels,* 183 Cal. 636, 192 Pac. 442; *People* v. *Beak,* 291 Ill. 449, 126 N. E. 201; *Gallaher* v. *State,* 193 Ind. 629, 141 N. E. 347; *State* v. *Schaeffer,* 96 Ohio St. 215, 117 N. E. 220; Huddy on Automobiles. (8th Ed.) p. 57, §63. In Massachusetts, a statute has been sustained which makes it an offense to drive *so as to endanger the lives or safety of the public. Commonwealth* v. *Pentz,* 247 Mass. 500, 143 N. E. 322.

Statutes prohibiting reckless driving, or driving at a rate of speed which was unreasonable, under all the conditions, are very generally and by the great weight of authority, upheld. Huddy on Automobiles (8th Ed.) p. 408, §394, p. 1052, §892.

The offense of driving "recklessly" in view of the conditions, as set forth in our own statute, sufficiently meets the requirements of definiteness and certainty. *State* v. *Goetz,* 83 Conn. 437, 76 Atl. 1000. The word has a clear and commonly understood meaning, so that one of ordinary intelligence is not left in doubt as to its purport. Though the speed limit formerly imposed in this State has been removed, the term "recklessly"

still remains definite. Its test does not lie in speed alone, but in that and other circumstances which together show a reckless disregard of consequences. The claim seems to be that the statute fails to state with particularity the acts prohibited. Of such a claim we have said: "It would seem to require that all general words used to indicate the offense . . . should be particularly defined. . . . The objection overlooks the fact that the prohibited acts may have a general name to characterize them, as well understood without as with a definition." *State* v. *Carpenter*, 60 Conn. 97, 102, 22 Atl. 497.

It will be seen that the same reasoning applies to the offense of driving "so as to endanger the property or life or limb of any person."

As to the second contention: We cannot concur in the appellant's view that the offenses in question are identical. The test of identity almost universally applied is whether the facts required to support the proof of one offense would be sufficient to prove the others. If so, then the identity is established. *Wilson* v. *State*, 24 Conn. 57, 63; *Commonwealth* v. *Roby*, 29 Mass. (12 Pick.) 496, 502, 503; 17 Amer. & Eng. Ency. (2d Ed.) p. 597.

"The safest general rule is that the two offenses must be in substance precisely the same, or of the same nature or of the same species, so that the evidence which proves the one would prove the other; or if this is not the case, then the one crime must be an ingredient of the other." 16 Corpus Juris, p. 264, §444.

Driving "recklessly" might be established by facts which would not prove that life, limb or property was in the given instance, endangered; and conversely, the latter might be proved without showing that the driver was acting regardless of consequences.

So, facts might establish the offense of driving under the influence of liquor and yet show a degree of care for the safety of others and that neither life, limb nor property was endangered.

By the same reasoning it results that the acquittal of the appellant on the count for endangering life, limb or property did not bar prosecution on the count for driving recklessly.

Nor does the offense of driving under the influence of liquor merge the other offenses, even though the same act or group of acts are involved. The same facts may appear in two or more distinct offenses different in kind as well as in degree. *State* v. *Burns*, 82 Conn. 213, 72 Atl. 1083; *State* v. *Jellison*, 104 Me. 281, 71 Atl. 716. The same methods may be employed in committing two crimes and the process employed may be a part of the same transaction and yet the two things. be distinct and independent of each other. 16 Corpus Juris, p. 58, note 86.

It is also held, generally, that where the same act combines the necessary elements of two or more distinct offenses, the difference not being merely one of degree, prosecution for one will not bar prosecution for another, and where one act constitutes several crimes, there may be a separate prosecution for each; *State* v. *Innes*, 53 Me. 536; *Commonwealth* v. *Bakeman*, 105 Mass. 53; *Morey* v. *Commonwealth*, 108 Mass. 433; and if the offenses are distinct in law it is immaterial how near they may be in fact. *Commonwealth* v. *Roby*, 29 Mass. (12 Pick.) 503; *Thomas* v. *United States*, 156 Fed. 897; *Gordon* v. *State*, 71 Ala. 315.

A merger occurs when the same criminal act constitutes both a felony and a misdemeanor. This doctrine only applies where the same criminal act constitutes both offenses and where there is an identity of time,

place and circumstance; moreover, the offenses must be of different grades and the rule does not apply where both offenses are either felonies or misdemeanors. 16 Corpus Juris, p. 59, §10; 1 Wharton on Criminal Law (10th Ed.) §27a.

In most jurisdictions the rule of merger as formerly existing at common law, has been to a great extent abrogated or confined to very narrow limits, and this is the tendency in this State. *State* v. *Setter*, 57 Conn. 461, 18 Atl. 782. In that case we said: "The principles upon which the doctrine of merger seems to rest are that the offense merged is lesser than the one in which it is merged, and that the ingredients of the smaller one are so identical with the ingredients of the larger that when both have been committed they cannot in reason be separated; so that to punish an accused in such a case for both offenses would be in effect to punish the same act twice."

Error is claimed in the charge upon reasonable doubt, but the criticism is directed to isolated portions of the charge. Read in its entirety, it gives a sufficiently full and adequate, as well as a correct statement of the law, and the claim of error in this regard is quite without merit. Also without merit is the claim of error in the charge upon the law concerning driving under the influence of liquor. The charge contains a full and careful statement of our law upon this feature of the case. Under the provisions of our statute, this offense is established when the evidence shows that the driver of an automobile, by reason of having drunk intoxicating liquor, had become so affected in his mental, physical or nervous processes that he lacked to an appreciable degree, the ability to function properly in relation to the operation of the machine.

This disposes of all the assignments requiring our

consideration, those upon the admission and exclusion of evidence not being pressed.

There is no error.

In this opinion the other judges concurred.