JOSEPH HESLIN *vs.* JOHN MALONE ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

472

Argued February 7th—decided April 11th, 1933.

*Daniel D. Morgan,* with whom, on the brief, were *Philip Pond, Joseph B. Morse* and *Joseph I. Shrebnik,* for the appellants (defendants).

*Samuel Campner,* for the appellee (plaintiff).

MALTBIE, C. J. This action, to recover for personal injuries resulting from an automobile collision, was tried at the same time with another, and they in-

volved not merely complaints seeking recoveries by the plaintiffs, but also counterclaims seeking recoveries by the defendants. The two plaintiffs were riding in a car owned by the plaintiff Heslin but being driven by the plaintiff Fappiano, and the two defendants were riding in a car owned by the defendant Malone, but being driven by the defendant Kursuski. The plaintiffs claimed to have proved that the collision occurred under these circumstances: The car in which they were riding was proceeding southerly on Broad Street, in the town of Wallingford, at about thirty to thirty-five miles per hour, following about forty feet behind a Ford car going in the same direction; the defendants' car was coming northerly at the time at a high speed; it was not proceeding straight upon its right side of the street but was going in an irregular course from one side to the other; as it approached the Ford car it turned to the left, came in contact with the side of the Ford car, careened off and, with terrific force, struck the left side of the car in which the plaintiffs were riding, near the door and cowl light. The defendants claimed to have proved that the collision did not occur in this way, but that, as the front of the car in which they were riding was opposite the front of the Ford car, the plaintiffs' car, proceeding at a high speed, swung sharply out from behind the Ford, to its left side of the road, and though the driver of the defendants' car tried to avoid the collision by attempting to turn further to its right, the plaintiffs' car collided with the left front of the defendants' car. In the case before us the jury returned a verdict in favor of the plaintiff, and from the judgment entered on that verdict the defendants have appealed.

The defendants assign as error the failure of the trial court to give a charge in accordance with a request they filed, as to the right of the driver of the

defendants' car to assume that the driver of the plaintiffs' car would obey the rules of the road and not attempt to pass the Ford car as they claimed he did; but there was nothing in the circumstances of the accident as claimed by either party which would make such a charge applicable, and there was no error in the failure of the trial court to grant the request. The defendants also assign as error the failure of the trial court to instruct the jury that the doctrine of the last clear chance was not applicable to the facts claimed to have been proved. The complaint alleged facts affording a basis for invoking the doctrine but did not refer to it as such and no claim was made as to it upon the trial. The trial court fully charged the jury as to the elements which must be established as a basis for a recovery by the plaintiff, without mentioning the doctrine, and we do not believe that the jury could have considered it. Any intelligent reference to it in the charge would have involved useless explanation, and the trial court adopted the correct and wise course in failing to refer to it.

The complaint as amended stated a cause of action based upon negligence and also one based upon reckless misconduct, and several assignments claim error in portions of the charge dealing with the latter cause of action. We shall point out that there was no error in the charge in so far as it concerned the cause of action based upon negligence, and as the verdict was a general one any error that may have occurred in those portions of it dealing with the cause of action based upon reckless misconduct would not result in a new trial. *Barbieri* v. *Pandiscio,* 116 Conn. 48, 53, 163 Atl. 469. We therefore disregard these claims of error except one to which we refer in order to make clear the applicable rule of law. The defendants point to what they deem to be an inconsistency in our de-

cisions in regard to the effect of contributory negligence as a defense to a cause of action for reckless misconduct, citing two cases in which they contend the defense was recognized in cases of this nature, *Wolfe* v. *Ives*, 83 Conn. 174, 76 Atl. 526, *Pietrycka* v. *Simolan*, 98 Conn. 490, 120 Atl. 310; *S. C.*, 102 Conn. 42, 127 Atl. 717. These are both cases of negligence, where that negligence was alleged to consist in part in a violation of the statute forbidding the reckless operation of motor vehicles. Being purely negligence actions, contributory negligence of the plaintiff would be a defense, even though the negligence alleged consisted in part of a violation of that statute. It is our settled rule that contributory negligence is not a defense to a cause of action based, not on negligence, but on reckless misconduct. *Bordonaro* v. *Senk*, 109 Conn. 428, 433, 147 Atl. 136; *Grant* v. *MacLelland*, 109 Conn. 517, 521, 147 Atl. 138; *Lionetti* v. *Coppola*, 115 Conn. 499, 503, 161 Atl. 797.

There seems to be a growing tendency in cases involving automobile accidents to allege reckless misconduct on the part of the defendant as well as negligence. There can hardly be a situation where the party guilty of such misconduct is not also guilty of negligence, and ordinarily the only proper purpose which can be served by alleging that the defendant is guilty of reckless misconduct is the possibility of avoiding the defense of the plaintiff's own contributory negligence. The assertion of such a cause of action necessarily complicates the issues in a jury trial and makes the task of the trier, court and jury, more difficult. Unless it can reasonably serve the purpose suggested, counsel owe to the court a duty not to assert it. Moreover, the assertion in connection with a cause of action for negligence, subjects the party seeking recovery to possible serious disadvantages by reason of

the implication of a general verdict to which we have referred. In the instant case, the jury must either have accepted the facts as claimed to have been proven by the plaintiff, in which event they could not reasonably have found contributory negligence, or else they must have accepted the facts claimed by the defendants, in which event they could not reasonably have found them guilty even of negligence. When it becomes apparent that no useful purpose will be served by asserting a cause of action for reckless misconduct, the trial court may well call the matter to the attention of counsel with the suggestion that they withdraw it.

In discussing the portions of the charge dealing with negligence which the defendants assign as error, they substantially abandon in their brief the statements of grounds of error made in their assignments and we shall not consider those grounds. The defendants call attention to one sentence in the charge in which the trial court said that if either of the drivers violated a rule of the road he would be guilty of negligence, and if that negligence proximately contributed to the injuries suffered by those in the other car, they would be entitled to recover, and the defendants claim this to be erroneous because in that particular sentence the trial court did not refer to the effect of contributory negligence; but the jury could not have been misled by this omission in view of the clear charge elsewhere given as to the effect of contributory negligence. Another portion of the charge complained of seems confusing, as the defendants claim, only because in the transcript two sentences are run together and one, which obviously refers to the following portion of the charge, is thereby made a part of the sentence preceding it, with which it does not belong. We find no harmful error in the charge as regards the issues of

law involved in the cause of action based on negligence.

The claim of the defendants most strenuously pressed is based upon the comments made by the trial court upon the evidence. As we have often pointed out, a judge in our courts is not an umpire in a forensic encounter of advocates, but is a minister of justice. It is his duty, within the limitations imposed by the constitutional provision concerning trial by jury, to take every reasonable step to see that justice is done. It is not only his right but often his duty to comment upon the evidence. *State* v. *Long,* 72 Conn. 39, 43, 43 Atl. 493; *Banks* v. *Connecticut Ry. & Ltg. Co.,* 79 Conn. 116, 122, 64 Atl. 14; *Crotty* v. *Danbury,* 79 Conn. 379, 387, 65 Atl. 147. We have repeatedly and unhesitatingly approved such comment and are disposed to give to the trial judges a wide discretion in the exercise of that function. It is no objection to such comments that they will tend to "uncover the weakness of a weak case, the difficulties of a difficult case, or the strength of a strong case." *State* v. *Marx,* 78 Conn. 18, 28, 60 Atl. 690. Of course the courts must leave the jury free to arrive at its own decision upon any issue of fact, unless indeed only one conclusion is reasonably possible. *Cook* v. *Steinert & Sons Co.,* 69 Conn. 91, 36 Atl. 1008; *Loomis v. Norman Printers Supply Co.,* 81 Conn. 343, 347, 71 Atl. 358. The courts should be careful not to misstate facts or evidence; *State* v. *Alderman,* 83 Conn. 597, 601, 78 Atl. 331; *Hancock Co., Inc.* v. *Poli Corporation,* 113 Conn. 545, 553, 155 Atl. 914; and the comment made should be reasonable and fair. *Hubert* v. *New York, N. H. & H. R. Co.,* 90 Conn. 261, 275, 96 Atl. 967; *Dwyer* v. *Redmond,* 100 Conn. 393, 403, 124 Atl. 7.

Except for these limitations the matter is one which rests in the discretion of the trial judge and error can

478

be found only where that discretion has been abused. *Crotty* v. *Danbury, supra; Smith* v. *Hausdorf,* 92 Conn. 579, 581, 103 Atl. 939; *Aldrich* v. *Duggan,* 107 Conn. 17, 20, 139 Atl. 270. The nature and extent of such comment must largely depend upon the facts involved in the particular case and the manner in which it has been tried. *Morosini* v. *Davis,* 110 Conn. 358, 148 Atl. 371. The court may properly call attention in its charge to evidence or inferences which seem to it to have been overlooked or not sufficiently emphasized, and often it should caution a jury against giving too much weight to certain evidence or should restore to its proper proportion evidence or elements in the case which have been unduly emphasized by counsel. *Hobbes' Appeal,* 73 Conn. 462, 47 Atl. 678; *Schiesel* v. *Poli Realty Co.,* 108 Conn. 115, 124, 142 Atl. 812. Its comment should not take on the nature of an argument of the case for one party or the other or deal largely with the details of evidence; such matters can best be left to the arguments of counsel and too extended a comment often defeats its proper purpose.

The comments of the trial court in this case are open to some criticism because of their length, due to a considerable extent to unnecessary repetition, and the detailed way in which the evidence was discussed. We cannot say, however, that the trial court violated any rule of law. It was very careful to leave the conclusion upon every disputed issue to the jury. No claim is made that he misstated the testimony. He did, in referring to the inferences which might be drawn from photographs of the defendants' car in evidence, say that none of them showed any injury to the outside of the front wheel, which they claimed was the point at which their car was struck by that of the plaintiffs, and they contend that this was error because none of the photographs showed the outside

of that wheel; but the trial court's comment evidently meant just that, that none of the photographs did show the outside of that wheel, from which might be drawn the reasonable inference that, had the outside of the wheel been damaged, a photograph would have been offered to show it; and the jury, with the photographs before them, could not have been misled. The trial court called attention to certain evidences of injury to the plaintiff's car which apparently were not discussed by counsel and suggested certain inferences that might be drawn from them but, as we have pointed out, to do that was well within the range of allowable comment. Nor did the comment tend entirely to weaken the defendants' case, for the trial court, in one rather long paragraph, suggested certain considerations to the jury tending to reflect upon the credibility of certain of the plaintiffs' witnesses. The form of the comments, largely in the nature of queries, certainly was not objectionable. *Gorman* v. *Fitts,* 80 Conn. 531, 539, 69 Atl. 357. On the whole, while we feel that it would have been a wiser course for the trial court to confine its comments to the salient features of the evidence, to calling attention to important matters not referred to by counsel in argument, and to assisting the jury in keeping the value and weight of the various matters of evidence in a proper proportion, and that it might thereby have brought its comments into a considerably briefer compass, we cannot hold that it committed any error of law or abuse of discretion. The single correction sought in the statement of facts claimed to have been proven would not, if made, affect the issues determinative of this appeal.

There is no error.

In this opinion the other judges concurred.