STATE OF CONNECTICUT *v*. WILLIAM R. KULBARSH.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued April 5th—decided May 5th, 1938.

*Thomas J. Wall,* for the appellant (defendant).

*J. Howard Roberts,* Prosecuting Attorney, for the appellee (the State).

HINMAN, J. The State offered evidence to prove and claimed to have proved facts which included the following: On July 24th, 1937, the defendant was operating his automobile southerly on the trunk line highway between Torrington and Thomaston. Immediately ahead was a large ten-wheeled oil truck, nine feet wide, proceeding in the same direction. A short distance northerly of an intersection from the west of a highway known as Fenn Road the defendant, traveling at least thirty-five miles per hour, attempted to pass the truck on its left, but while doing so his car ran off the road, continued about twenty feet along a bank three feet high, struck a tree and turned upside down on the bank and the easterly edge of the shoulder of the highway. The defendant and another person in his car were injured. A State's witness testified that the defendant afterward stated that he had been having trouble with the accelerator on his car that morning, that it stuck down while he was trying to pass the truck, and he reached down to the floor to pull it up. Previously, when approaching an S-curve about three hundred feet northerly of the place where the car overturned, the defendant, traveling at a fast rate of speed, attempted to pass an ice truck driven by a man named Eliot, which was following the oil truck, while another car was approaching in the opposite direction, and the defendant pulled sharply in front of the ice truck so that Eliot was obliged to put on his brakes quickly in order to avoid collision with the defendant's car.

The defendant's claims were that he was traveling generally at about twenty-five miles per hour, when about to pass the oil truck increased his speed to thirty-

five, turned to the left side of the road and sounded his horn, but when he came abreast of the truck it veered over to its left apparently because of work being done on trees on the right side of the highway, the right front fender of the defendant's car came in contact with one of the rear wheels of the truck, which continued toward the left and crowded the defendant's car off the traveled part of the road on to the shoulder and the bank. He denied that his accelerator stuck or that there was any defect in mechanism.

After the jury had been deliberating somewhat more than an hour they returned and, through the foreman, asked two questions, the first of which was: "If the car of the accused was not under control immediately before or during his attempt to pass the truck, would this constitute recklessness under the law?" To this the court replied, "I charge you in answer to your first question that as a matter of law, if the car of the accused was not under control immediately before or during the attempt to pass and you desire to know whether such fact was evidence of recklessness, my answer is that it is," and, after an interruption by counsel for the defendant, repeated, "I have answered the question, that it was evidence of reckless driving." The defendant assigns this instruction as error. So far as the finding discloses, the reference to the car not being under control must have pertained either to the evidence indicating that the defendant had been having trouble with his accelerator and that it stuck as he tried to pass the truck, or to a claim of the defendant that as he was passing the truck it veered to its left so that a fender of his car came in contact with a wheel of the truck, thereby putting his car out of control. As applied to the latter claim, instruction that such circumstances would constitute recklessness on the part of the defendant would be incorrect; it would not only

be inaccurate, as to loss of control so occasioned, to say that it was evidence of recklessness but, also, notwithstanding the variance of the answer from the strict letter of the question, the jury might well have understood it as an affirmative answer thereto. This was of such potential prejudice to the defendant that it must be regarded as sufficient ground for reversal, and we consider further assignments only because comment thereon may be helpful upon a retrial.

The defendant requested a charge that if the jury found that, as he claimed, the truck, while he was passing it, veered to its left and thereby "created an emergency which was sudden and gave no sufficient time to the accused for thought" and if they found that he then "did what a reasonably prudent person so situated would do" and did nothing before or after which was reckless, he should be acquitted. On the finding of his claims of proof he was entitled to such an instruction, in substance.

The prosecution was under subsection (a) of § 566c of the General Statutes, Cum. Sup. 1935, which provides that "no person shall operate any motor vehicle upon any public highway of the state, recklessly, having regard to the width, traffic and use of such highway, the intersection of streets and the weather conditions, or so as to endanger the property or life or limb of any person." The trial court read this statute to the jury, also the correlative portion of § 567c, providing that "the operation of a motor vehicle upon any highway at such a rate of speed as to endanger the life of any person other than an occupant of such motor vehicle, . . . or the operation knowingly of a motor vehicle with defective mechanism, shall constitute a violation of the provisions of subsection (a) of section 566c." The court then continued: "There are, as you see, two provisions—first, against reckless driving; and second,

against so driving as to endanger the property, life or limb of any person. . . . Driving recklessly might be established by facts which would not prove that life, limb or property are endangered in that particular instance; and, conversely, facts might be established that life, limb or property were endangered without showing that the driver was acting without regard to consequences, which is the definition of recklessness."

This statement was sufficient so far as concerns § 566c (a). *State* v. *Andrews,* 108 Conn. 209, 214, 142 Atl. 840. It did not, however, differentiate, as applied to the case on trial, between the provision quoted from § 567c, under which operation at such a rate of speed as to endanger the life of any person other than an occupant of the motor vehicle being so driven, also is made a violation of subsection (a) of § 566c, and operation "at such a rate of speed as to endanger the life of any occupant of such motor vehicle, but not the life of any other person than such an occupant" which constitutes violation of subsection (b) of § 566c, directed against speeding and involving less severe penalties than subsection (a). The defendant's request for a charge that if it were found that if his rate of speed in passing the truck was not such as to endanger any occupant of that vehicle it would not constitute reckless driving was correct as applied to that particular circumstance, but he was not entitled to have it given without reference, also, to the State's claims of proof of his previous conduct in passing the Eliot car which, it claimed, endangered the life of occupants of that car, and if the jury so found, would constitute reckless driving even if the occupants of the oil truck were not so endangered by the defendant in attempting to pass it as and when he did. Also, if they found from the evidence that the defendant had been having trouble with the accelerator of his car and

that it stuck when he was trying to pass the oil truck, they might have concluded that, as the State claimed, he was operating knowingly with a defective mechanism and thereby, under § 567c, violating § 566c (a). The claims of proof called for some explanation of the application thereto of the relevant provisions of § 567c.

Such other requests to charge as the defendant was entitled to were sufficiently covered by the charge as given. The uncontradicted facts in the finding justify the treatment in the charge of Fenn Road as an intersecting highway within the meaning of the statute (§ 566c).

There is error and a new trial is ordered.

In this opinion the other judges concurred.