On April 17, 1940, the defendant John A. Best was operating a motor vehicle owned by the defendant Harriet D. Best in a northerly direction on the east side of Enfield Street, a public highway in the Town of Enfield. Said defendant Best brought the automobile which he was driving to a complete stop on the extreme easterly side of said Enfield Street on the tarred shoulder thereof and parallel thereto. Enfield Street is paved with concrete and there is a tarred shoulder on each side of the road. the traveled portion of the road is 33 feet in width. Said road is straight for a distance of about one-half mile each north and south of *Page 69 
the point where defendant Best stopped his automobile, which point is also at the foot of a slight down grade for cars traveling in a northerly direction. there is a private driveway extending from the westerly side of the highway about opposite where the Best car had come to a complete stop. The Best car remained motionless in the position above described for a short time while two motor vehicles which had been following passed on in a northerly direction. These vehicles having passed, the defendant Best started his automobile, turning very slowly to the left to cross the road, not giving any manual signal that he was about to turn. When he had partially completed his turn, he saw the plaintiff's car approaching northerly from his rear and stopped to wait for him to pass. When the defendant Best's car came to a full stop, the front end thereof was not past or westerly of the white line at the middle thread of the road. Defendant Best claimed the front of his car had not come upon the concrete portion of the road, and a police officer who was an eyewitness said it had reached the said white line.
The plaintiff's automobile, driven by Leon Karpinski, his son, was being driven with the knowledge, consent and authority of the plaintiff and as his agent in a northerly direction on said Enfield Street and approaching the car of the defendant Best from the south. It had just left the State inspection lane where it had been passed and approved as being in good mechanical condition. The driver of this car, Leon Karpinski, seeing the defendant Best's car about to turn across the road, applied the brakes, and according to the marks observed and measured, skidded, with the rear end swerving from left to right, a distance of 170 feet on the concrete surface of the road and then continued a distance of 15 feet on the tarred shoulder of the road on the west side thereof, and continued farther across the turf to the west of the shoulder of the road, a distance of 75 feet, where the left side of said car struck a tree and careened off and went about ten feet beyond said tree before it came to a stop. this said tree was located several feet west of the west shoulder of said highway and about six feet north of being directly opposite from the front of the Best car. The Karpinski car did not strike the Best car nor did it at any time approach nearer to it than the width of the highway. The eyewitness, Officer Ash, called by the plaintiff, stated that he had measured the skid marks *Page 70 
but had forgotten the distances, which were, however, measured and testified to by the defendant John A. Best. The plaintiff's witness, Officer Ash, did testify to the fact that he saw the Karpinski car skid out of control for a distance of 250 feet. At the time of the events herein described, except as above set forth, there was no other traffic in either direction on Enfield Street. The weather was clear and the road surface was dry.
The plaintiff suffered damage to the left side of his automobile. It was stipulated that plaintiff's damages are fixed at $317.35.
The plaintiff claimed that the accident and subsequent damage to his car was caused by the negligence of the defendant John A. Best in turning left across said Enfield Street without giving a timely warning by proper signal of his intention to do so. The defendant claimed, by way of special defense, that the plaintiff's damage was caused by the negligence of the driver of the plaintiff's car in that he was operating at an excessive rate of speed and in that he failed to have said car under proper control and was thus guilty of contributory negligence.
The road was straight, the weather clear and the visibility was good. There was no southbound traffic to impede the use of the entire highway for the plaintiff's car, which had, at all times, plenty of room on the highway to pass. The only evidence of speed was that given by the defendant who stated that the plaintiff's car was, in his opinion, traveling between 60 and 70 miles an hour.
The only negligence which could be attributed to the defendant was his failure to signal as he turned or drew away from the edge of the highway in violation of section 637c of the 1935 Cumulative Supplement to the General Statutes. Such negligence affords a basis for recovery only if it is the proximate cause of damage, and if the plaintiff's own negligence did not materially contribute to his injury as a substantial factor in bringing about the plaintiff's harm. Pietrycka vs. Simolan,98 Conn. 490, 495; D'Amato vs. English, 122 id. 259, 262.
On the evidence in this case, the conclusion is inescapable that the plaintiff's car was being operated at an excessive rate of speed and entirely out of control of the driver as a *Page 71 
result thereof and that the negligence of the driver of plaintiff's car was a substantial factor materially contributing to the injuries sustained by the plaintiff.
 Therefore, the issues are found for the defendant and judgment may be entered for the defendant to recover his costs.